23053

Terry P. ANDERSON and Charles Phillip Anderson, Appellants v. Reginald A. ANDERSON, Respondent.

(382 S. E. (2d) 897)

Supreme Court

*John P. Gardner, Jr.,* Darlington, *for appellants.*

*Allen C. Pate,* Florence, *for respondent.*

Heard April 18, 1989.

Decided July 31, 1989.

TOAL, Justice:

This action was brought in the circuit court by two brothers against a third for partition by sale of real property inherited by the three from their mother and for the settlement of various claims against their father's estate. The lower court ordered an in kind partition of the real property and decided the various estate claims. We reverse, dismissing in part and remanding in part.

## FACTS

Terry P. Anderson, Charles P. Anderson (Plaintiffs) and Reginald A. Anderson (Defendant) are the children of Kate J. (Mother) and Charles A. Anderson (Father). Mother died

testate April 13, 1984, leaving a life estate in 100 acres of real property in Darlington County to Father and the remainder to her three sons, divided one-half to Terry and one-fourth each to Charles and Reginald. Father died June 19, 1986. It is uncontroverted that two tracts of 5 and 4 acres, respectively, were deeded to Terry and excepted from the 100 acres, leaving approximately 91 acres as the subject of this action.

From 1955 to 1972, Father and Reginald operated a dairy farm on a portion of the subject property as a partnership. In 1972, Father retired, and Reginald continued to operate the dairy business alone, from 1972 to 1977 as a sole proprietorship and from 1977 to the present as a corporation. Barns, sheds and pastures, which are necessary to maintain the business as a going concern, are located on the portion of the property where the dairy farm is located. Reginald purchased additional property adjacent to the dairy farm for his home.

Terry and Charles brought this action for partition of the property requesting a judicial sale of the entire tract with the proceeds of the sale to be distributed according to the parties' interest. Reginald answered, requesting an allotment of the property, which would represent his proportional ownership in the property and take into consideration substantial improvements he had made over the years to the property.

With respect to partition, the lower court ordered:

> [T]he property be surveyed and divided so that the defendant will receive sufficient land to include the dairy barn and related structures on approximately twenty to twenty-five acres adjoining his house and other properties. Excluded from this portion of land will be the old family place to include approximately one acre with a reasonable right of ingress and egress. The remaining properties are to be granted to the plaintiffs in the proportions pursuant to the Will of Kate J. Anderson.

The lower court's Order required an in kind division of the property, but its Order made no findings as to the value of the property, in whole or in part, or of the various structures located thereon. Further, the Order provided no precise

method for actually accomplishing the division. The lower court found that if the property were sold outright and the proceeds divided, Reginald would be entitled to a substantial amount for damages for the destruction of his business which would offset any amount plaintiffs would receive, however, the lower court made no finding as to the amount of these damages.

Plaintiffs appeal this portion of the Order, alleging the trial court erred in ordering an in kind partition without valuing the various portions of the property and in failing to set out a clear method for making the partition.

The parties stipulated that they desired the circuit court to decide disputes between the parties arising from their father's estate. These disputes centered around amounts Reginald allegedly owed the father's estate from, *inter alia*, his operation of the farm following their father's retirement and claims made upon their father's estate by Terry for personal services and funeral expenses. The lower court denied some of the claims, allowed others and failed to make findings with respect to some of the claims. Plaintiffs appeal this portion of the lower court's order alleging error in the court's failure to address certain claims and denial of others.

## DISCUSSION

### 1. *Partition*

A partition action is an equitable action, heard by a judge alone and, as such, this Court on review may find facts in accordance with its view of the preponderance of the evidence. *Ackerman v. Heard*, 287 S. C. 626, 340 S. E. (2d) 560 (Ct. App. 1986).

The court of common pleas has jurisdiction

> to make partition in kind or by allotment to one or more of the parties upon their accounting to the other parties in interest for their respective shares or, in case partition in kind or by allotment cannot be fairly and impartially made and without injury to any of the parties in interest, by the sale of the property and the division of the proceeds according to the rights of the parties.

S. C. Code Ann. § 15-61-50.

This Court has previously recognized that partition in kind is favored when it can be fairly made without injury to the parties. *Smith v. Pearson*, 210 S. C. 524, 43 S. E. (2d) 479 (1947). This Court's decision in *Few v. Few*, 242 S. C. 433, 131 S. E. (2d) 248 (1963), which recognized that in kind partitions are appropriate only where they may be made fairly and impartially without injury to any of the parties, does not vary the statutory preference for in kind partition. Thus, the party seeking a partition by sale carries the burden of proof to show that partition in kind is not practicable or expedient. *Smith v. Pearson*, 43 S. E. (2d) at 482.

Recognizing this Court's authority to make a plenary review of the record, and further recognizing the proper allocation of the burdens of proof between the parties as discussed above, we are of the opinion the lower court's decision relating to an in kind partition, as opposed to a partition sale, must be remanded for retrial. While we regret having to further postpone the partition of this property, which certainly must be partitioned due to the enmity between the parties, we are unable to determine on the scant record before us whether an in kind partition may be made fairly without injury to any party.

The somewhat confused state of the law in this area, and the complete lack of evidence presented by the parties, make the lower court's failure to provide such findings and further instructions understandable.

Following the issuance of a Writ of Partition under prior practice, S. C. Code Ann. §§ 15-61-60 through 15-61-90 (repealed 1985) provided for the appointment of commissioners who were empowered to make appraisals and effectuate the actual partition of the property or to make a special return to the court of an appraisal accompanying their opinion that the property cannot be fairly and equitably divided without manifest injustice to the parties. This portion of the Code was repealed, effective July 1, 1985, by the Legislature with the intent that the sections would be replaced by the South Carolina Rules of Civil Procedure. See Editor's Note following S. C. Code Ann. §§ 15-61-60 through 15-61-90 (Supp. 1988).

The South Carolina Rules of Civil Procedure, Rules 17 and 71, address appropriate procedure in partition actions. How-

ever, these Rules do not replace the repealed statutory procedure for effectuating the actual partition.

It is generally recognized that courts must appoint some officer to make the actual division of the property following a determination that in kind partition is appropriate. 68 C. J. S. *Partition* § 151(a) (1950).

This Court desires to preserve the prior practice under Repealed S. C. Code Ann. §§ 15-61-60 to 15-61-90, and holds the lower court has the inherent authority to appoint commissioners to aid it in effectuating a partition.

### 2. *Subject Matter Jurisdiction*

The South Carolina Probate Code[1] confers exclusive original jurisdiction to the probate court over all subject matter relating to estates of decedents. S. C. Code Ann. § 62-1-302 (1987). Actions requesting settlement of claims owed by and to an estate, must be originated in the probate court.

The jurisdiction of a court over the subject matter of a proceeding is determined by the Constitution, the laws of the state, and is fundamental. Lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by this Court. *Fielden v. Fielden,* 274 S. C. 219, 262 S. E. (2d) 43 (1980); *Harden v. South Carolina State Highway Dept.,* 266 S. C. 119, 221 S. E. (2d) 851 (1976); *State v. Gorie,* 256 S. C. 539, 183 S. E. (2d) 334 (1971).

The parties' claims relating to their father's estate are clearly matters for the probate court. As the lower court lacked jurisdiction over the subject matter of this portion of the action, this portion of the action should be dismissed without prejudice.

For the foregoing reasons, the Order of the lower court is reversed. The issues relating to the partition of the real property are remanded for further proceedings consistent with this opinion. The issues relating to claims against the father's estate are dismissed without prejudice.

GREGORY, C. J., HARWELL and FINNEY, JJ., and Acting Associate Justice C. BRUCE LITTLEJOHN, concur.

---

[1] The South Carolina Probate Code is applicable to this action as the action was pending on July 1, 1987. S. C. Code Ann. § 62-1-100 (1987).