## 1397

Mary Ann FERGUSON, Appellant-Respondent v. Ira Herbert FERGUSON, Jr., Respondent-Appellant.

(386 S. E. (2d) 267)

Court of Appeals

*James E. Whittle, Jr.,* Aiken, *for appellant-respondent.*

*Edgar S. Kneece,* Irmo, *for respondent-appellant.*

Heard Sept. 20, 1989.

Decided Oct. 23, 1989.

CURETON, Judge:

In this domestic relations case, the wife appeals the equitable distribution and alimony awards. She also appeals the failure of the trial court to find the husband committed adultery and the failure to order him to pay her private investigator fees. The husband appeals the trial court's find-

ing of fault on his part, the equitable distribution, and the alimony award. He also appeals the failure of the trial court to record the Rule 59(e) motion hearing and its failure to set forth salient facts to support the denial of his motion to modify the decree. We affirm in part, reverse in part, and remand in part.

This is a 33 year marriage. The wife was 56 years old at the time of the hearing and in good health. The husband was 58 and had undergone triple bypass surgery. The parties' four children are emancipated.

The parties began experiencing serious marital difficulties several years before the separation of the parties. There is some disagreement whether the parties agreed to separate and sell the marital home. The husband left the marital home in May 1987. After the husband left the wife hired a private investigator to determine if the husband was having an adulterous affair. The results of this investigation were inconclusive. The trial court concluded, however, the husband's conduct brought about the separation of the parties.

The husband began work at the DuPont Savannah River Plant three years prior to the marriage and worked there throughout the marriage. The wife worked outside the home at various jobs for approximately twenty years of the marriage. The husband's monetary contributions to the marriage were approximately four times more than the wife's. The husband's monthly gross income at the time of the hearing was $2,990.00 while the wife's was $1,075.00.

The marital estate consisted of the marital home which the parties agree has equity of $125,000.00. Additionally, the parties have substantial personal property consisting of furnishings, household equipment, a deferred income account, a savings account, and stocks. Both parties submitted lists valuing their home furnishings and other personal property. The parties agree the trial judge arrived at a value for the furnishings and other personal property by averaging the values placed on these items by the parties.

The husband has retirement benefits at DuPont which will enable him to receive monthly pension benefits ranging from $1,239.00 if he retires at age 58 to $1,524.00 if he waits until age 65 to retire. Additionally, the husband has two group life insurance policies through DuPont. It is not clear

to us whether these policies have present cash values. The wife is the named beneficiary on both policies. The trial court did not include the present value of the retirement account or the cash value of the life insurance policies in the marital estate.

The trial court divided the marital estate equally by awarding specific items of personal property to each party and ordering a sale of the marital home. The wife was awarded $400.00 per month alimony, attorney fees, and costs. Both parties filed motions to amend the judgment on numerous grounds. The trial court essentially denied both motions but clarified its ruling in several regards. The court specifically corrected a mathematical error it had made in the personal property award by awarding the husband additional personal property valued at $3,000.00.

## WIFE'S APPEAL

The wife first argues the court should have identified the husband's retirement pension as a marital asset.

We agree. The husband's retirement benefits consist of a pension plan whereby he will be entitled to receive specified monthly payments depending on when he elects to retire. In prior decisions of this court, we have held that civil service and military retirement benefits were marital assets subject to equitable division. *Noll v. Noll*, 297 S. C. 190, 375 S. E. (2d) 338 (Ct. App. 1988) (federal civil service); *Martin v. Martin*, 296 S. C. 436, 373 S. E. (2d) 706 (Ct. App. 1988) (military retirement); *Kneece v. Kneece*, 296 S. C. 28, 370 S. E. (2d) 288 (Ct. App. 1988) (federal civil service). Our analysis of the Equitable Distribution Act in those cases led us to conclude that because pensions are not excluded from the definition of marital property, they are marital property subject to division. We therefore hold the trial court erred in not including the husband's pension in the marital estate. This issue is remanded for redetermination.

The wife next argues the value of the husband's group life insurance policies should have been included in the marital estate. The trial court's order does not mention these policies. The wife offered no evidence of the present value of the policies. Additionally, it does not appear the wife raised this issue by proper exception or in her Rule

59(e) motion. According to the court's order, the wife raised only the issue of whether she should be continued as a beneficiary on one of the policies, not that the cash values should have been divided. We find no error.

The wife next argues the trial court should have required the husband to maintain her as beneficiary on the life insurance policies because special circumstances exist to require such a provision as an incident of support. The court held *Hardin v. Hardin*, 294 S. C. 402, 365 S. E. (2d) 34 (Ct. App. 1987), controlled the issue. We agree. *Hardin* held that absent special circumstances or specific statutory authority the family court does not have the inherent power to require a supporting spouse to obtain or maintain a life insurance policy solely as an incident of periodic support. The wife has not convinced us that special circumstances exist to require the husband to maintain her as beneficiary on the policies.

The wife next complains about the valuation and the manner in which the court divided the personal property of the parties. As a matter of fact, both parties took exception to the court's valuation. Both parties assert that certain items of personal property were non-marital assets. Both parties also take exception to the averaging of the estimated values placed on the property by the parties without consideration of the individual values of the items. We recognize the parties were not as helpful to the court as they could have been in furnishing evidence of value. We sympathize with the family court judge as he grapples with the problem of valuing numerous items of personal property. Moreover, while it is appropriate for a family court judge to select a value for property that falls within the range of values testified to, it is inappropriate to simply average the values testified to by the parties to arrive at a value. It is also error to not exclude nonmarital property from the marital estate. We therefore remand this issue to the family court for revaluation and redistribution. In remanding this issue we point out that neither party appeals the percentage division of the marital estate.

Finally, the wife argues the trial court erred in awarding her only $400.00 per month alimony and in not requiring the husband to pay her private investi-

gator fees. The amount of property awarded in an equitable distribution may be an important factor in determining alimony. *Johnson v. Johnson,* 288 S. C. 270, 341 S. E. (2d) 811 (Ct. App. 1986); *Burgess v. Burgess,* 277 S. C. 283, 286 S. E. (2d) 142 (1982). Consequent to the remand of the equitable division, we remand the alimony issue for reconsideration. *Wood v. Wood,* 292 S. C. 43, 354 S. E. (2d) 796 (Ct. App. 1987). We find no abuse of discretion in the court's refusal to require the husband to pay private investigator fees. The court reasoned these fees should not be paid by the husband because the "private investigator's testimony failed to prove wrongdoing on the part of the [husband] prior to the parties' separation. Thus, his testimony was, by statute, irrelevant." The sole purpose of the private investigator's testimony was to prove the husband committed adultery. Our review of the record sustains the court's conclusion the husband did not commit adultery. This aspect of the trial court's order is affirmed.

## HUSBAND'S APPEAL

The husband contends the court erred in finding him at fault in causing the dissolution of the marriage. The court made this finding in support of its decision to deny him attorney fees. We find no error. Considering the fact the trial court is the judge of the credibility of witnesses, the record sustains the trial court's finding that the husband's conduct brought about the dissolution of the marriage. The husband also claims this determination of fault impacted on the equitable division award. We see nothing in the court's order to support this claim. Because we have remanded several aspects of the equitable division award, the husband may argue this issue on remand.

The husband next contends the trial court failed to set forth salient facts to support its awards of alimony and attorney fees to the wife. Because we have remanded the alimony issue, that part of the argument is moot. As concerns the attorney fee award, we find no error. The award of attorney fees is a matter within the discretion of the trial judge and will not be disturbed on appeal absent an abuse of discretion. *Reid v. Reid,* 280 S. C. 367, 312 S. E. (2d) 724 (Ct. App. 1984). Clearly, the trial court's findings could have

been more detailed. However, we think they meet the minimum requirements under our case law. Moreover, our review of the record reflects the attorney fee award was justified. *See Kneece v. Kneece,* 296 S. C. 28, 370 S. E. (2d) 288 (Ct. App. 1988).

Finally, the husband complains the trial court erred in failing to record the testimony at the Rule 59(e) motion hearing and in failing to state salient facts to support the summary denial of most grounds of the motion. The trial court states in its order on the motion to amend that "[t]he parties agreed to present their arguments without a Court reporter present to record the proceedings." The husband has not shown us in the record where he requested the proceedings be transcribed or objected to the failure to transcribe the proceedings. Moroever, no exception is taken to the court's recitation of the fact the parties agreed the proceeding would not be transcribed. We find no error.

As to the failure of the trial court to make findings of salient facts in support of its decision to reject most of the grounds of the Rule 59(e) motion, we find no prejudice to the husband. The asserted grounds of error contained in the motion to amend judgment, as set forth in the husband's brief, are also asserted as other bases for this appeal. Because we have otherwise dealt with the same issues, we ascertain no prejudice to the husband.

Accordingly, the order of the trial court is affirmed in part, reversed in part, and remanded for further consideration consistent with this opinion. The parties may present additional evidence on the issues remanded.

Affirmed in part, reversed in part, and remanded in part.

SANDERS, C. J., and SHAW, J., concur.