## 2004

Eddie M. COX, Rosa L. McAllister, Annie R. Becote, Ruby M. Brandon, James Singletary, Jr., Ernestine McAllister, Kenneth N. Coar, Ronald C. Clarida, Dorothy Vaughn, Earl McAllister, Elease Burgess, Rosa A. Green, Hattie Bell Holloway, Almeto Jackson, Johnny L. McAllister, Dorothy M. Edwards, David McAllister, Chris Scott and Eric Scott, Michelle Scott and Victoria Scott, three minors, by their Guardian Ad Litem, Mordecai C. Johnson, Respondents v. Arthur L. FRIERSON, Daisy F. Eaddy, Sarah Jane Eaddy, Louise McAllister, Jessie M. Pringle, Benjamin Frierson and Curtis Scott, Appellants.

(429 S.E. (2d) 866)

Court of Appeals

*Brenda Reddix-Smalls,* Columbia, *for appellants.*

*Robert G. Knight* and *Mordecai C. Johnson,* Florence, *for respondents.*

Heard April 12, 1993; Decided May 3, 1993.

Reh. Den. June 7, 1993.

LITTLEJOHN, Acting Judge:

Eddie Mae Cox and others (the Respondents) brought an action against Arthur Lee Frierson and others (the Appellants) for partition of real property and an accounting for rents and profits. The circuit court referred the case to a special referee with authority to enter a final judgment. Following a hearing the special referee ordered the property sold and the proceeds distributed among the parties, according to their respective shares. On appeal, the Appellants claim the special referee erred in ordering a sale rather than a partition in kind or by allotment. We affirm.

The facts as found by the special referee are as follows.[1] The subject property consists of about 85 acres of cut-over timber land and 31 acres of crop land. There is a farmhouse on the property which has a value of about $16,000.00. At least thirty-one persons have an interest in the property; the six Appellants each have a 4/35th interest. The only evidence of value, which was introduced without objection, is a 1990 tax appraisal, which reflects a total estimated value for the property of $47,330.00. One of the Appellants, Arthur L. Frierson, has lived on the farm since 1969 and has enjoyed the rents and profits therefrom. In addition, in 1985 the six Appellants received $42,000.00 from the sale of

---

[1] The record on appeal contains no testimony from the hearing. Counsel advised the court that no record was made of the proceedings. A judgment comes to this Court with a presumption of correctness, and the burden is on the appellant to show error by the trial judge. *Dicks & Gillam, Inc. v. Cleland,* 295 S.C. 124, 367 S.E. (2d) 430 (Ct. App. 1988). Without a transcript of the trial, the Appellants are unable to carry their burden of establishing on appeal any claim that the special referee's findings are erroneous. Accordingly, we accept the special referee's recitation of the testimony in his order as an accurate portrayal of what transpired at the hearing.

timber from the property, but the proceeds rightfully belonged to all parties to the action.

The special referee held:

> Based upon a careful consideration of the wishes of the various co-tenants and the realization that the property consists of about 85 acres of cut-over timber land and 31 acres of crop land, I find that a partition in kind is not feasible. *The court is convinced that surveying costs to divide the farm into 31 equitable parts, ranging from a 4/35s interest to a 1/525 interest, would be exhorbitant (sic), when compared to the estimated value of the property.* Another factor, which I considered to be pertinent, is that the house on the farm is valued by Florence County for tax purposes at over Sixteen Thousand and No/100 ($16,000) Dollars, which I believe far exceeds the value of any co-tenant's individual interest.

(emphasis ours). The special referee concluded that the Respondents were entitled to a partition of the property and an accounting from the Appellants for rents and timber sales. The special referee ordered the property sold and the proceeds divided after adjustments reflected on an appendix affixed to the order. The Appellants appealed.

Rule 71, SCRCP, provides in pertinent part:

> **(a) Proceedings, Reference.** Actions to ... obtain partition of real property shall be tried by the court, and shall ordinarily be referred to a master pursuant to Rule 53 ... In all actions a record of hearings shall be made and preserved in the case file in the office of clerk of court.

> \* \* \* \* \* \*

> **[ (f) ](4) Allotment or Sale.** If it shall appear to the court that it will be for the benefit of all parties interested in the ... property that it should be vested in one or more persons entitled to a portion of it, on the payment of a sum of money assessed as provided in Rule 71(f)(3), the court shall determine accordingly, and the person or persons, on the payment of the consideration money, shall be vested with the estate so adjudged to such person or persons. But if it shall appear to the court that it would be more for the interest of the parties interested in the ...

property that it should be sold and the proceeds of sale be divided among them, then the court shall direct a sale to be made upon such terms as the court shall deem right.

[ **(f)** ]**(5) Partition or Sale Without Writ.** [T]he court may in all proceedings in partition ... determine by means of testimony taken before the proper officer and reported to the court whether a partition in kind among the parties be practicable or expedient and, when such partition cannot be fairly and equally made, may order a sale of the property and a division of the proceeds according to the rights of the parties.

We are aware that the special referee did not make and preserve a separate record of the proceedings. However, we find this requirement found in Rule 71(a) is merely directory, and hold that failure to comply with the rule does not serve as a basis for invalidating the judgment. *Cf. Noisette v. Ismail,* 304 S.C. 56, 403 S.E. (2d) 122 (1991) (the Supreme Court held the requirement of Rule 52(a), SCRCP, that a court in a nonjury action find facts specially and state separately its conclusions of law, is merely directory, and noncompliance does not invalidate a judgment). This is particularly true where, as here, the special referee's order is detailed enough to accurately reflect the substance of the testimony, and there is no indication that either party requested a court reporter or other means of creating a record of the testimony. *See Shearer v. Deshon,* 240 S.C. 472, 126 S.E. (2d) 514 (1962) (a party may not complain on appeal of error which the party's own conduct induced); *cf. Ferguson v. Ferguson,* 300 S.C. 1, 386 S.E. (2d) 267 (Ct. App. 1989) (the Husband could not complain of the family court's failure to record testimony where the order stated that the parties had agreed to present argument without a court reporter, the record did not reflect a request by the Husband that the proceedings be transcribed, and the Husband did not object to the failure to transcribe the proceedings).

After review of the appealed order, the exhibits and the arguments of counsel, we are satisfied that the special referee reached the correct result in this case. We cannot say that the special referee's finding that partition in kind is not feasible lacks evidentiary support. We agree with

the special referee that, as the case is presented on appeal to this Court, partition in kind or by allotment cannot be fairly and equally made in this case.

Affirmed.

GOOLSBY, J., concurs.

CURETON, J., dissents in separate opinion.

CURETON, Judge (dissenting):

The special referee held that partition in kind was not feasible because (1) the property cannot be divided into "31 equitable parts" and (2) the value of the house on the property "exceeds the value of any co-tenant's individual interest." I find nowhere in the record that the referee considered the feasibility of partitioning the property partially in kind and partially by sale.

A partition action is in equity and, as such, this court may find facts in accordance with the preponderance of the evidence. *Anderson v. Anderson,* 299 S.C. 110, 113, 382 S.E. (2d) 897, 899 (1989). Partition in kind is favored when it can be fairly made without injury to the parties; a party seeking partition by sale carries the burden of proof to show that partition in kind is not practical or expedient. *Id.* at 114, 382 S.E. (2d) at 899. A court of equity may decree "a partial partition in kind by allotting to one of the owners one of several tracts, or a part of a single tract, in satisfaction of his share, and order a partition by sale of the remainder of the single tract, or of the other tracts, with a division of the sale proceeds among the other owners in satisfaction of their respective shares." *Bennett v. Floyd,* 237 S.C. 64, 73, 115 S.E. (2d) 659, 663 (1960).

Six of the named appellants collectively own a 68% interest in the property. There is no finding by the special referee that he considered the feasibility that one or more of these cotenants could have been allocated their interests by partition in kind.[1] The referee seemed to reason that unless the property could be divided so each party, including those owning 1/525th interests, could receive a portion, it could not be equi-

---

[1] During oral argument appellants' counsel stated these appellants were willing to accept their interests together in one parcel and were willing to pay their proportionate share of costs.

tably divided. This, of course, is not a requirement to accomplish an equitable partition. Rule 17, SCRCP. As concerns the finding that no one tenant's interest could absorb the value of the house, the appellants note that no valid appraisal has been performed to determine its value. Furthermore, other options should have been considered, i.e., awarding the house to more than one appellant or selling the house along with other acreage, after awarding one or more of the appellants their interests in kind.

Additionally, there is nothing in the record to reflect the costs involved in a partial partition in kind vis a vis the value of the property.

Because I am convinced the special referee made no effort to partition by allotment, and the record does not fairly demonstrate a partial partition in kind would result in injury to the parties, I would reverse and remand for such a determination.