2044

Norman TISDALE, J.C. Taylor and Williams County Citizens for Better Government, Appellants v. WILLIAMSBURG COUNTY SCHOOL DISTRICT, Williamsburg County School Board, a body corporate, Williamsburg County School Board of Trustees, Burlie Joe, Ronnie Sabb, Barbara Geddebekku, Ted Welsh, Al White, Veronica McClary, John Doe Ellis, individually and as members of the Board of Trustees, Floride Martin, Superintendent of the Williamsburg County Schools for Williamsburg County, State of South Carolina, Pearl Brown, Williamsburg County Treasurer, Respondents.

433 S.E. (2d) 907

Court of Appeals

*Brenda Reddix-Smalls*, Columbia, *for appellants.*

*David T. Duff* and *Kenneth L. Childs*, Columbia, *for respondents.*

Heard Apr. 21, 1993.

Decided July 6, 1993.

*Per Curiam:*

William Tisdale, John Taylor, and the Williamsburg County Citizens for Better Government (the Citizens) brought suit against the Williamsburg County School District, *et al.*, (the School District) challenging the validity and correctness of a local property tax levy. The Citizens paid the tax under protest and then sought a refund and an injunction. Both parties moved for summary judgment. Judge Bristow granted summary judgment for the Citizens on the issue of liability. In a damages hearing, Judge McInnis entered a judgment in favor of the School District finding the Citizens had not established damages. The Citizens appeal. We dismiss.

South Carolina Code Ann. section 12-47-220 (1976) is the exclusive judicial remedy for the recovery of taxes allegedly wrongfully levied. It reads: "Any person paying any taxes under protest may at any time within thirty days after making such payment, but not afterwards, being an action against the county treasurer . . . for the recovery thereof." *Id.* Relying on *Bass v. State (Bass I),* 302 S.C. 250, 395 S.E. (2d) 171 (1990) *vacated and remanded,* — U.S. —, 111 S.Ct. 2881, 115 L.Ed. (2d) 1047 (1991), the Citizens argue that section 12-47-220 is only applicable to refund actions involving income taxes. On remand, the South Carolina Supreme Court affirmed the result in *Bass I* based on the adequate and independent state ground that the petitioners were procedurally barred from recovery because they failed to proceed under S.C. Code Ann. §§ 12-47-210 and 220, the applicable state statutes. *Bass v. State (Bass II),* 307 S.C. 113, 414 S.E. (2d) 110 (1992) *petition for cert. filed,* 60 USLW 3755 (April 24, 1992). We find nothing in *Bass II* which narrows the application of section 12-47-220 strictly to refund actions for income tax. Moreover, on its face the section is applicable to "any taxes" paid under protest.

The Citizens contend that the correct section under which to bring the action would be S.C. Code Ann. section 12-47-70, *et seq* (Supp. 1992). We disagree because section 12-47-70 does not provide for a judicial remedy. Under

the refund procedure outlined by section 12-47-70, *et seq*, a tax refund claim is to be submitted to the county auditor who will notify other specified financial officers. S.C. Code Ann. § 12-47-80 (Supp. 1992). These officers can allow the claim or notify the taxpayer of an opportunity to be heard. *Id.* After hearing, the officers are to determine whether the abatement or refund should be granted, and that determination "shall be binding and effective." *Id.* Accordingly, this section does not provide for or authorize a judicial remedy.[1]

We hold that section 12-47-220 is the exclusive remedy in this case. The Citizens filed this action on January 4, 1990. The taxes in question were paid one to two years prior to that time and therefore, the action falls outside of the thirty-day period allowed for a refund action under section 12-47-220. Thus, the trial court was without jurisdiction to hear the matter. It is well settled that subject matter jurisdiction cannot be waived by consent of the parties. *Anderson v. Anderson*, 299 S.C. 110, 382 S.E. (2d) 897 (1989). Under the applicable statute we must dismiss.

For the foregoing reasons, we dismiss.

Dismissed.

---

[1] Additionally, the Citizens did not reference section 12-47-70, *et seq*, in their complaint and there is no evidence of record that they submitted the claim to the county auditor.