23922

Ira A. EDENS, Respondent v. Vickie Elaine EDENS and Rita Marie Edens, Executors of the Estate of Wendell T. Edens, Appellants.

(435 S.E. (2d) 851)

Supreme Court

*George F. Townes* and *Felix L. Finley, Jr.*, Pickens, *for appellants.*

*Marvin J. Short, III*, of *Short, Miner & Hendricks*, Easley, *for respondent.*

Submitted May 19, 1993.

Decided Aug. 23, 1993. Reh. Den. Sept. 22, 1993.

MOORE, Associate Justice:

This appeal is from a circuit court order reversing an order of the probate court. We affirm in part, reverse in part, and remand to the probate court for further proceedings.

## FACTS

Respondent filed a claim for $7,000 against his brother Wendell's estate. Appellants[1] denied the claim. Respondent then filed a petition in probate court seeking allowance of the claim. The probate court denied the claim ruling it was barred by laches.

Respondent received the probate court's order on July 24, 1990. Fourteen days later, on August 7, respondent served and filed his notice of appeal to the circuit court.

---

[1] Appellants are the personal representatives of Wendell's estate.

The circuit court reversed the ruling on laches and held respondent was entitled to $11,000 from the estate for Wendell's alleged breach of contract. This appeal followed.

## ISSUES

1. Whether the circuit court had subject matter jurisdiction of the appeal.

2. Whether respondent's claim was barred by laches.

3. Whether the circuit court exceeded its jurisdiction in allowing respondent's claim.

## DISCUSSION

Appellants claim the circuit court had no jurisdiction to hear respondent's appeal because respondent failed to timely serve his notice of appeal.

The probate court proceeding began on April 9, 1990. The probate court still had the matter under advisement when Act No. 521 became effective on June 5, 1990. This Act amended various provisions of the Probate Code, including § 62-1-308 which governs the time for appeal. Section 62-1-308 was amended to allow only *ten* days, rather than fifteen days, to file and serve a notice of appeal to the circuit court after receipt of the probate court order.

Section 62-1-100(b)(2) (Supp. 1992) provides:

> (b) Except as provided elsewhere in this Code, on the effective date of this Code:
> (2) the procedural provisions of the Code apply to any proceedings in court then pending or thereafter commenced regardless of the time of the death of decedent *except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedure of this Code.*

(Emphasis added.) We construe this section to allow respondent's service of his notice of appeal to circuit court within the fifteen-day period previously provided under the Probate Code.

Turning to the merits, we find the circuit court properly concluded respondent's claim was not barred by laches. The alleged breach of contract giving rise to the

claim occurred September 6, 1984, when Wendell allegedly failed to exercise an option to purchase the family's homeplace as he had contracted with respondent to do. The applicable six-year statute of limitations for breach of contract, S.C. Code Ann. § 15-3-530 (1976), had not yet run when respondent filed his claim against Wendell's estate on January 29, 1990, nor had the time expired to file a claim against the estate. The statute of limitations rather than laches applies to all legal claims against an estate. *See Kirksey v. Keith*, 32 S.C. Eq. (11. Rich. Eq.) 33 (1859). A claim based upon breach of contract is as legal as opposed to equitable claim. Therefore, laches does not apply in this case.

Finally, appellants contend the circuit court erred in ruling that respondent's claim should be allowed for $11,000. We agree.

On appeal from the probate court's ruling regarding a claim against an estate, the circuit court's jurisdiction is limited to determining whether there is any evidence to support the probate's court ruling. *In re Howard*, — S.C. —, 434 S.E. (2d) 254 (1993); *see also* S.C. Code Ann. § 62-1-308(d) (1987) (hearing in circuit court shall be strictly on appeal and no new evidence shall be presented). The probate court has exclusive original jurisdiction over settlement of claims owed by an estate. *Anderson v. Anderson*, 299 S.C. 110, 382 S.E. (2d) 897 (1989); S.C. Code Ann. § 62-1-302(a)(1) (Supp. 1992). Thus, once the circuit court found the claim was not barred by laches, it exceeded its jurisdiction in making its own finding of fact that respondent's claim should be allowed in the amount of $11,000.

Accordingly, the judgment of the circuit court is affirmed on the issue of laches, the allowance of respondent's claim is reversed, and the case is remanded to the probate court for further proceedings on the merits of respondent's claim against the estate.

Affirmed in part; reversed in part; remanded.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.