THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James Calvin Phillips, Sr., Rudelle C. Phillips, and James Calvin Phillips, 
 Jr.,        Respondents,
 
 
 

v.

 
 
 
Donna V. Phillips Cassidy, and Richard Allen Phillips,       
Appellants.
 
 
 

Appeal From Chesterfield County
Stephen C. Wallace, Special Referee

Unpublished Opinion No. 2004-UP-111
Submitted November 3, 2003  Filed February 
 24, 2004

AFFIRMED

 
 
 
Mahlon E. Padgett, IV, of Bennettsville; for Appellants.
William O. Spencer, Jr., of Chesterfield; for Respondents.
 
 
 

PER CURIAM:  James Calvin Phillips, Sr. 
 (Father), Rudelle C. Phillips (Mother), James Calvin Phillips, Jr. (James), 
 Donna V. Phillips Cassidy (Donna) and Richard Allen Phillips (Richard) owned 
 an undivided interest in a tract of land.  Father, Mother, and James (collectively, 
 Respondents) filed a complaint against Richard and Donna (collectively, Appellants) 
 seeking the partition in-kind of the tract.  A special referee filed both a 
 Report and Decree of Partition of Real Estate and a supplemental order.  Appellants 
 now appeal, arguing the supplemental order was contrary to an agreement reached 
 by the parties.  We affirm.
FACTS
Appellants and Respondents owned, 
 as tenants in common, a 645-acre tract of land in Chesterfield County.   Respondents, 
 seeking a partition in-kind of the land, filed both a complaint and lis 
 pendens in the circuit court.   By consent of the parties, the action 
 was referred to a special referee. 
The special referee conducted two hearings.  
 At the first hearing, the parties stipulated that Father and Mother were entitled 
 to a combined sixty percent interest in the tract and each of the children was 
 entitled to a ten percent interest.   Father and James testified at the hearing 
 that they were seeking a partition to allow James fifty acres in the northern 
 corner of the property on which to build a poultry farm.  
At the second hearing, the parties informed 
 the special referee of their agreement that James receive the fifty acres for 
 the poultry farm in the northern corner of the property.   Counsel for Appellants 
 informed the referee that as part of that agreement, Appellants would receive 
 their joint portion of the land along the highway.   Counsel for Respondents 
 agreed that Appellants could get their portion in the southwestern corner of 
 the tract, but he informed the special referee that the court would have to 
 decide the dimensions of their portion, including how much road frontage the 
 parties would receive. 
Father testified several times that the special referee 
 would have to determine the dimensions of Appellants joint tract.  Appellants 
 presented a proposed division that included mostly road frontage.   They testified 
 they wanted Father to have the rental properties in the southwestern corner 
 and to be compensated with other land.   Donna testified the special referee 
 could determine the percentage of road frontage property she and Richard should 
 receive.    Richard also informed the referee that he had no strong feelings 
 about the road frontage property, but he did not want the rental property.    
 At the end of the hearing, counsel for Respondents excepted to Appellants receiving 
 the majority of the road frontage property and requested that the referee give 
 them a proportionate share of land fronting the highway.    
The special referee subsequently entered a Report 
 and Decree of Partition of Real Estate.  In the order, the special referee outlined 
 the parties agreements that Appellants would receive their undivided interest 
 in the southwestern corner of the property, James would have the fifty acres 
 for his poultry farm, and Father would receive any rental property and one acre 
 surrounding it that may lie within Appellants portion.   The special referee 
 found Appellants should be allotted a 129-acre portion of land (twenty percent 
 of the overall tract) in the southwest corner of the property in order to satisfy 
 their interests.   The referee explained the method to be employed in determining 
 the dimensions of this tract and stated he would retain jurisdiction to coordinate 
 and effectuate the laying out of the portion allotted to [Appellants] and to 
 enter such further order as will facilitate the conclusion of this matter. 
 [1]    
Several months after the Report and Decree of Partition 
 was entered, the special referee filed a supplemental order approving a surveyors 
 plat of the 129-acre tract allotted to Appellants.   The referee stated that, 
 as a result of the allotment, Appellants received ownership of a pro 
 rata share of the whole acreage relative to both land and type, (e.g. 
 road frontage, planted pines, pasture, bottom land, and river frontage).   
 Appellants subsequently filed a Rule 59(e), SCRCP, motion for reconsideration, 
 arguing the division of land approved by the special referee was contrary to 
 the parties agreement.   The referee denied the motion, stating there was no 
 evidence of such an agreement in the record. 
STANDARD OF REVIEW
A partition action is an equitable action, 
 heard by a judge alone and, as such, this Court on review may find facts in 
 accordance with its view of the preponderance of the evidence.  Anderson 
 v. Anderson, 299 S.C. 110, 113, 382 S.E.2d 897, 899 (1989).  This scope 
 of review does not require this Court to ignore the special referees findings 
 when he was in a better position to evaluate the credibility of the witnesses.  
 In re Thames, 344 S.C. 564, 571, 544 S.E.2d 854, 857 (Ct. App. 2001).  

LAW/ANALYSIS
Appellants argue the special referee 
 erred in issuing a supplemental order contrary to his prior order and contrary 
 to the recognized agreement of the parties.
Initially, we note there is no evidence 
 in the record of any kind of an agreement reached between the parties concerning 
 the specific allocation of property to Appellants within the tract.  While Appellants 
 and Respondents appear to have reached a consensus that Appellants were to receive 
 a 129-acre tract in the southwestern corner of the overall tract and that this 
 tract should have a proportional amount of road frontage, there is neither testimony 
 nor a written document memorializing a formal agreement that Appellants would 
 only receive road frontage or that they would not receive river frontage.  Agreements 
 between counsel are not binding unless they are reduced to written form or made 
 in open court and noted upon the record.  Rule 43(k), SCRCP; see Young 
 v. Cooler, 347 S.C. 362, 365, 555 S.E.2d 410, 412 (Ct. App. 2001) (holding 
 it was error for the trial court to enforce an agreement where there was no 
 evidence of a consent order, written stipulation, or agreement made in open 
 court and noted on the record).  Because there is no evidence of an agreement, 
 the special referees supplemental order was not issued in violation of any 
 agreement.
Further, there is nothing in the record indicating 
 the special referees supplemental order violated the terms in the initial order.  
 The initial order noted the parties agreed Appellants would receive 129 acres 
 in the southwestern portion of the overall tract.  The parties agreed the special 
 referee would retain jurisdiction to lay out Appellants portion after consulting 
 with a surveyor.  In the supplemental order, the special referee specifically 
 outlined Appellants portion pursuant to the surveyors plat. Accordingly, nothing 
 in the record indicates the special referees supplemental order violated the 
 terms of the original order. 
Finally, the parties testimony does not indicate 
 the special referee erred in partitioning the property.  Respondents specifically 
 stated they wanted the referee to establish the dimensions of Appellants tract 
 in the southwestern corner of the property.   Although Richard indicated he 
 had no interest in farming the river-front property, Appellants testified they 
 wanted the special referee to determine the location of their share of the property, 
 to consider the inclusion of several rental properties on the tract, and to 
 apportion road frontage proportional to their percentage ownership of the overall 
 tract of land.    Respondents agreed the special referee should make a determination 
 regarding a proportional amount of road frontage.  
The special referee fairly apportioned Appellants 
 land consistent with the intent of both parties.  We note that, in dividing 
 the tract, the special referee took great pains to award Appellants a fair and 
 pro rata share of all of the different types of land in the tract 
  including road frontage, planted pines, pasture, bottom land, and river frontage. 
   Further, the evidence in the record indicates the parties only agreement 
 was for the special referee to make the specific determination on the location 
 of Appellants portion.  Accordingly, the special referees supplemental order 
 did not conflict with the original order.  Based on the preponderance of the 
 evidence before this Court, we find the special referee did not err in apportioning 
 the tract or issuing his supplemental order.  Anderson, 299 S.C. at 113, 
 382 S.E.2d at 899.  
CONCLUSION
Based upon the foregoing, the special referees order is
AFFIRMED.       
GOOLSBY and ANDERSON, JJ., and CURETON, AJ., concur.

 
 
 [1] In the Report and Decree of Partition, the special referee also noted 
 the parties stipulated value of the entire tract and levied costs to be paid 
 by the parties.   These conclusions were not appealed by either party.