THIS OPINION HAS NO PRECEDENTIAL VALUE.  
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS 
 PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Beatrice Devore Bing and Theadie Mae Devore White,       
Appellants,
 
 
 

v.

 
 
 
 Carrie Garvin Devore a/k/a Carrie
 Ceveaux, deceased, Willie Devore, deceased, 
 Catherine D. Wright, deceased, Ruby D. Green, deceased, Althea D.
 Chaneyfield, 
 deceased, Jenetta D. Mackie a/k/a Jenetta D. Garrett, deceased, Clayton 
 Devore, deceased, Bennie Devore, deceased, Clifton Devore, deceased, Moses 
 Devore, deceased, Nathan Devore, deceased, Coretha D. Hamilton, Zevenia 
 D. Dennis, Vilease Devore, Louise Woods Devore, deceased, Badyese Devore,
 Gladys D. Frazier, Mary D. Smith, Cephrus Devore, deceased, John Wesley 
 Devore, Miriam Devore, Barbara Dee Stevenson, Priscilla Bryan, Willie 
 Wright, deceased, Edward Wright, deceased, Junior Mackie, deceased, Dercella 
 M. Johnson, Donald Mackie, Annette Devore, Darius Devore, Annette Michelle 
 D. Wright, Angela Devore, Jamesina D. Goodwin, Wendy Devore, Javis S. 
 Devore, Cephrus A. Devore, Anthony Devore, Betty Devore, Isiah Devore, 
 Cypress Woods Corporation, Henry Lott, Tereather Orr, Harold Garvin, Terry 
 Brice, Lowther Investments, Inc., Emma Jones, and John Doe, representing 
 as a class, any and all unknown adult heirs of the above named Defendants   
 that are deceased, and Richard Roe, representing as a class, any and all 
 unknown minors, persons under  disability and persons in the military 
 service who may have an interest  effected by this lawsuit,       
 Defendants,
 Of Whom Tereather Orr is the        
 
 
 

Appeal From Jasper County
R. Thayer Rivers, Jr., Special Referee

Unpublished Opinion No. 2005-UP-097
Submitted January 1, 2005  Filed February 
 9, 2005

AFFIRMED

 
 
 
Deborah Ann Malphrus, of Ridgeland, for Appellants
Kenneth L. Tootle, of Beaufort, for Respondent.
 
 
 

PER CURIAM: In this action to quiet title 
 and partition property, Beatrice Devore Bing [1] and Theadie Mae Devore White (collectively 
 Appellants) appeal from the order of the special referee selling the property 
 to Tereather Orr.  We affirm. [2] 
FACTS
Appellants were two of eleven children who inherited 
 two tracts of land, one approximately 8.9 acres and the other approximately 
 17.2 acres.  Appellants brought the underlying action to quiet title and partition 
 the property.
Neil Riley, as special referee, issued an order 
 determining the ownership rights in the property.  Additionally, he found the 
 property should be sold and the proceeds divided.  The order provided for the 
 property to be listed with a realtor for three months for the purpose of seeking 
 a private sale of the property.  If a purchaser was not found, the property 
 could be sold at public auction.  
Subsequently, R. Thayer Rivers, Jr. was 
 substituted as special referee.  The referee presided over a hearing to determine 
 the method of sale for the property.  At the hearing, he took into evidence 
 a bid for the 8.9-acre tract of land, letters indicating three realtors had 
 been unable to locate a purchaser for the other tract, letters seeking sealed 
 bids from individuals and entities, and an appraisal of the 17-acre tract.  
  The appraisal indicated the value of the 17-acre tract was $2,700 per acre 
 or approximately $46,500 for the tract.  The hearing was continued and the time 
 for submitting bids was held open.  
In a subsequent order, the referee accepted 
 a bid for the 8.9 acres filed by one of the heirs. [3]   Additionally, the referee accepted 
 a bid by Orr for the purchase of the 17-acre tract for $26,500.  The referee 
 specifically found:  In determining whether these bids were reasonable, I considered 
 the appraisal of the subject properties which was introduced into evidence . 
 . . the Jasper Countys Tax Assessors assessed value . . . [and] the sales 
 price of several other tracts of land of comparable value in the general vicinity 
 of the subject properties.  The referee found Orrs bid was fair, just 
 and equitable, and set forth the specifics of the private sale of both tracts 
 of land. This appeal follows the denial of Appellants motion to reconsider. 

STANDARD OF REVIEW
A partition action is an equitable action, 
 heard by a judge alone and, as such, this Court on review may find facts in 
 accordance with its view of the preponderance of the evidence.  Anderson 
 v. Anderson, 299 S.C. 110, 113, 382 S.E.2d 897, 899 (1989).
LAW/ANALYSIS
Appellants contend the referee erred in 
 directing a private sale of the property and in finding the bid was fair and 
 reasonable.  We disagree.
I.       Private vs. Public Sale
Pursuant to South Carolina statute:

The court of common pleas has jurisdiction in all cases of 
 real and personal estates held in joint tenancy or in common to make partition 
 in kind . . . or, in case partition in kind or by allotment cannot be fairly 
 and impartially made and without injury to any of the parties in interest, by 
 the sale of the property and the division of the proceeds according to the rights 
 of the parties.

S.C. Code Ann. § 15-61-50 (1977).
 First, we must address whether the issue 
 of requiring sale by public auction has been preserved for review on appeal.  
 In their motion for reconsideration, Appellants argued there was no evidence 
 in the record supporting a finding that the sales price of $26,500.00 is a fair 
 and equitable sales price. The motion further stated that [t]he Plaintiffs 
 are informed and believe that the (17.22) acre tract of land . . . should be 
 sold at public auction by the Jasper County Clerk of Court.  While requesting 
 sale by public auction, the motion does not specifically raise the issue of 
 whether the referee erred in ordering a private sale to an individual who was 
 not an heir without the express consent of the plaintiffs and other heirs owning 
 an interest in the property as raised in Appellants brief.  Accordingly, the 
 issue is not preserved for review on appeal by this court.  See Wilder 
 Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (It is axiomatic 
 that an issue cannot be raised for the first time on appeal, but must have been 
 raised to and ruled upon by the trial judge to be preserved for appellate review.).
The issue fails on the merits as well.  Appellants 
 sought the sale of the property without specifying the method.  Appellants did 
 not appeal the order of the referee on the issue of holding open the time for 
 receipt of private bids.  In addition, Appellants specifically solicited private 
 bids from several individuals. 
Appellants cannot now complain of the method used 
 by the court to sell the property when they consented to the method and even 
 sought to take advantage of it by soliciting private bids from parties who were 
 not heirs.  Orr filed the bid in accordance with the method and within the time 
 allotted by the referee.  Accordingly, we find the referee properly allowed 
 the property to be sold in a private sale as opposed to requiring a public auction.
II.      Amount of Bid
Appellants main contention appears to be that 
 the value received for the property was far below the appraised value, and therefore, 
 the referee was without evidentiary support in finding the bid was fair and 
 equitable.  We disagree.
Appellants cite Pruitt v. Pruitt, 298 S.C. 
 411, 414-15, 380 S.E.2d 862, 864 (Ct. App. 1989), for the contention that where 
 there is disparate testimony regarding the value of the property, partition 
 by public sale is appropriate.  However, the trial court in Pruitt apportioned 
 the property to one of the parties.  Id.  In the case sub judice, 
 the property was sold to a private bidder after numerous bids were solicited 
 and no other bid was received.  We find the holding in Pruitt to be inapposite 
 to the instant case.
While the appraisal of the property is evidence 
 of the value of the 17-acre tract, it is not the only evidence present in the 
 record, nor must the court find a bid unreasonable if it is below the appraised 
 value.  See Freeman v. Freeman, 323 S.C. 95, 105-06, 473 S.E.2d 
 467, 474 (Ct. App. 1996).  The record also indicates, and the referee specifically 
 noted the fact Appellants contacted individuals soliciting bids on the property 
 without receiving a single response.  
Additionally, the referee specifically stated he 
 considered the appraisal, the value of land in the area, and the tax assessed 
 value of the property.  Even though we have authority to find all facts with 
 our own view of the preponderance of the evidence, we are not required to ignore 
 the findings of the referee.  Id. at 98, 473 S.E.2d at 469-70.  Accordingly, 
 we find there is evidence in the record indicating the sole bid received for 
 the property was a fair and reasonable amount for the property and the referee 
 did not err in ordering the private sale to Orr.
AFFIRMED.         
ANDERSON, STILWELL, and SHORT JJ., concur.

 
 
 [1] Beatrice Devore Bing passed away during the proceedings and her interest 
 in the property transferred to her children. 

 
 [2] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 [3] The sale and amount received for the 8.9-acre tract are not subject 
 to this appeal.