THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Robert W. Horsey, Appellant,
v.
Bonnie B. Horsey, Respondent.
 
 
 

Appeal From Sumter County
 Marion D. Myers, Family Court Judge

Unpublished Opinion No.  2006-UP-162
Heard February 7, 2006  Filed March 17, 2006 

REVERSED

 
 
 
James H. Babb, of Sumter, for Appellant.
Harry C. Wilson, Jr., of Sumter, for Respondent.
 
 
 

PER CURIAM:  Robert Horsey (Husband) appeals the family courts order modifying his divorce settlement agreement with his former wife, Bonnie Horsey (Wife).  Husband claims the family court did not have jurisdiction to modify the agreement because it was only modifiable with the consent of both Husband and Wife expressed in a writing signed by both.  We reverse. 
FACTS
Husband and Wife married on July 1, 1978.  The parties separated in 2000 and have since lived separate and apart.  On January 24, 2001, the couple entered into a separation and marital settlement agreement (Agreement).  On February 6, 2001, the family court approved the Agreement, finding it met the test of reasonableness, and declared that it should be approved and made the order of this Court.  The Agreement provided it shall not be modified or changed except by mutual consent and agreement of the parties expressed in a writing signed by both.  The Agreement further provided the provisions of this Agreement providing for the division and distribution of property, the allocation of responsibility for payment of marital debts, and the provisions for alimony shall be permanent, nonmodifiable, and shall not thereafter be modified by any court.  Additionally, the Agreement stated any willful failure to perform or fulfill the obligations and responsibilities herein imposed will subject the offending party to a proceeding for contempt of Court.  
Wife instituted an action for divorce and moved to set aside the Agreement on the grounds of Rule 60, SCRCP.  The family court consolidated the divorce action and Rule 60 motion and set the matter for hearing.  The parties subsequently agreed to modify the Agreement to settle the Rule 60 motion, but proceeded to a hearing on the divorce.  On January 14, 2001, the family court issued an order granting the parties a divorce, incorporating and approving the modifications to the Agreement.  Both parties attorneys signed the order on their clients behalf.  None of the provisions regarding modification were altered.  
On July 24, 2002, Husband filed a complaint for contempt, asserting Wife was in material breach of the Agreement.  Wife filed a counterclaim asserting it was Husband who had breached the Agreement.  A hearing date was set and depositions were scheduled.  When the parties arrived for the depositions, they decided to try to reach a settlement before taking the depositions.  After approximately two and a half hours of negotiations, the parties agreed to modify the original Agreement to settle the issues raised in their contempt pleadings.  Thereafter, the parties engaged the stenographer, who was there to record the depositions, and Wifes attorney recited the terms of the settlement aloud for the record.  Husbands attorney agreed on the record that the modifications, as stated by Wifes attorney, were accurate, and both Husband and Wife stated that they agreed to the settlement.  The parties also agreed to obtain a court order incorporating the modifications to their Agreement.  
The parties did not immediately submit a final consent order to the family court judge to settle the contempt matter.  When thirty days passed since the contempt matter was to be heard, the family court judge issued an Interim Final Order.  In that order, the family court judge stated that although the parties reached a settlement, certain portions of the settlement required the interaction of third parties, and the he gave the parties thirty days to consummate the agreement so that he could issue a final order.  
Over the next few months, the parties tried to reduce the on-the-record settlement to a written order that could be submitted to the family court.  However, the parties came to an impasse because Wife took the position that the modifications were final, and Husband contended there were executory provisions in the settlement the parties could not consummate.  On June 2, 2004, Wife served Husband with a Motion to Compel Agreement seeking enforcement of the settlement pursuant to the terms set out in the transcript.  Wife also advised Husband by letter that depositions would be limited to questions on the enforcement of the Agreement.  Husband disagreed with this limitation and stated his intention to seek clarification from the family court if Wife insisted on the limitation.  
At an in-camera meeting, the family court judge advised the parties to prepare for full blown depositions on all issues, but told them that if he reached a different conclusion after reviewing the Interim Final Order and the transcript of the on-the-record settlement, he would notify the parties.  Before depositions began, the family court found there had been a meeting of the minds which constituted a binding modification of the Agreement.  The family court issued a ruling granting Wifes Motion to Compel Agreement and a Final Order outlining the modifications of the Agreement pursuant to the terms contained in the on-the-record settlement.  
Husband made a motion to reconsider, claiming the family court lacked subject matter jurisdiction to modify the Agreement, denied his procedural due process rights, and abused its discretion.  The family court heard arguments on the matter and, on January 19, 2005, issued an order denying Husbands motion to reconsider.  This appeal followed.
STANDARD OF REVIEW
On appeal from a family court order, this Court has authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence. 
E.D.M. v. T.A.M., 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992) (citing Rutherford v. Rutherford, 414 S.E.2d 157 (1992).  The jurisdiction of a court over the subject matter of a proceeding is determined by the Constitution, the laws of the state, and is fundamental.  Anderson v. Anderson, 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989) (citations omitted).  Lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by this Court.  Id. 

LAW/ANALYSIS
Husband claims the family court lacked the jurisdiction to modify the Agreement of the parties.  We agree.
A property and/or an alimony agreement, unambiguously stipulating that the terms may not be may not be altered, binds the court, as well as the
parties, to those terms.  Croom v. Croom, 305 S.C. 158, 161, 406 S.E.2d 381, 383 (Ct. App. 1991) (citing
Moseley v. Mosier, 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983)).  The family court does not have jurisdiction to modify an agreement by its own authority or at the behest of only one of the parties if the agreement contains language divesting the court of jurisdiction.  Degenhart v. Burriss, 360 S.C. 497, 500-01, 602 S.E.2d 96, 97 (Ct. App. 2004).  Although a written contract may be orally modified, notwithstanding a provision in the contract barring oral modification,
where a contract has been merged into a court order, and the order contains a provision barring oral modification, any oral modification is unenforceable.  Messer v. Messer, 359 S.C. 614, 634-35, 598 S.E.2d 310, 321 (Ct. App. 2004).
In the instant case, the Agreement, merged into the family courts order, unambiguously provides it can only be modified by mutual consent in a writing signed by both parties.  Our review of the record clearly reveals both parties agreed to modifications of the Agreement by voicing their assent on the record, and Husband asserted he absolutely agreed.   However, this court is bound by language in the parties original Agreement, divesting the family court of subject matter jurisdiction to modify its terms.  Because the settlement was not signed by either party, the Agreements modification terms were not met.  Therefore, the settlement did not constitute a binding modification of the Agreement.  Because the family court did not have jurisdiction to modify the Agreement by its own authority, the family court erred in incorporating the modifications contained in the on-the-record settlement in its order.  Accordingly, the order of the family court is 
REVERSED.
GOOLSBY, ANDERSON, and SHORT, JJ., concur.