**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kenneth H. Kurowski, Respondent,

v.

Daniel D. Hawk, Appellant.

Appellate Case No. 2018-001067

Appeal From Abbeville County
Frank R. Addy, Jr., Circuit Court Judge

Unpublished Opinion No. 2020-UP-145
Submitted April 1, 2020 – Filed May 20, 2020

**AFFIRMED**

Daniel D. Hawk, of Oneida, Wisconsin, pro se.

Curtis G. Clark and Clarence Rauch Wise, both of
Greenwood, for Respondent.

**PER CURIAM:** Daniel D. Hawk appeals the circuit court's order dismissing his
complaint against Kenneth H. Kurowski. Hawk lists thirty-five issues on appeal.
We find the circuit court did not have jurisdiction over Hawk's case because it
related to the estate of a decedent, and thus should have been filed in probate court.
We affirm the circuit court's order dismissing Hawk's appeal pursuant to Rule
220(b), SCACR, and the following authorities: Rule 220(c), SCACR ("The

appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."); S.C. Code Ann. § 62-1-302(a)(1) (2009) ("To the full extent permitted by the Constitution, and except as otherwise specifically provided, the probate court has *exclusive* original jurisdiction over all subject matter related to: (1) estates of decedents, including the contest of wills, construction of wills, determination of property in which the estate of a decedent or a protected person has an interest, and determination of heirs and successors of decedents and estates of protected persons . . . ." (emphasis added)); *Anderson v. Anderson*, 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989) ("The jurisdiction over the subject matter of a proceeding is determined by the Constitution, the laws of the state, and is fundamental.  Lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by [the appellate court].").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] To the extent Hawk asserts claims relating to "constitutional deprivations" and the Equal Protection Clause, these issues are not preserved for review.  Hawk referred to the Equal Protection Clause and "constitutional deprivations" several times in his brief to this court; however, Hawk did not raise such violations to the circuit court.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").  Additionally, Hawk alleged a violation of the American Indian Religious Freedom Act, 42 U.S.C. § 1996 (2018), in his complaint, but he did not file a Rule 59(e), SCRCP, motion when the circuit court did not address the claim in its order.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party must file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.