Argued September 13, reversed and remanded with instructions
December 6, 1977

FIKE, *Appellant,*
*v.*
SHARER, *Respondent.*
(TC 75-785E, SC 24683)

571 P2d 1252

Blair M. Henderson, Klamath Falls, argued the cause and submitted the brief for appellant.

Robert Thomas and Steven P. Couch, Klamath Falls, argued the cause for respondent. On the brief was Robert Thomas; Thomas, Beesley & Couch, Klamath Falls.

Before Bryson, Presiding Justice, Lent and Linde, Justices, and Gillette, Justice Pro Tempore.

GILLETTE, J., Pro Tempore.

## GILLETTE, J.

This is a statutory proceeding for partition of jointly held real property brought under ORS 105.205 et seq. The trial court, sitting without a jury, issued a decree denying partition and ordering plaintiff to transfer her interest in the property to defendant upon defendant's tender to her of a sum fixed by the court. Plaintiff appeals. Because we think there is insufficient evidence to support an order for private sale, we reverse.

The property which is the subject of the partition suit consists of 3.7 acres of lakefront property in Klamath County. Situated on the property are a cabin, barn, boat ramp, corrals and fencing. Plaintiff purchased the property in 1966. In 1972, she sold an undivided one-half interest in the property to defendant. At that time plaintiff and defendant were planning to marry. The parties lived on the property together until September, 1975, when plaintiff moved out. She brought a partition suit one month later, seeking to have the property sold at public sale with the proceeds divided proportionately between the two parties.

After receiving evidence as to the value of the respective ownership interests of the parties, the trial judge ordered a private sale, requiring plaintiff to transfer her interest in the property to defendant upon defendant's tender to her of $19,266.99. The basis for the order is the judge's finding of fact that the property could not be sold at public sale without great prejudice to the owners.

The statutory scheme for partition of jointly held property is set out in ORS 105.205 and 105.210. ORS 105.205 provides:

"When several persons hold real property as tenants in common * * * any one or more of them may maintain a suit for the partition of the real property according to the respective rights of the persons interested therein,

[ 579 ]

and for a sale of all or a part of the property if it appears that a partition cannot be had without great prejudice to the owner."

A third alternative to an order for partition or public sale is authorized by ORS 105.210:

"If the court finds that the property can neither be partitioned nor sold without great prejudice to the owners, the court may receive evidence as to the value of the respective interests, fix the value thereof, and make an order permitting the owners, objecting to the partition or sale, to borrow money upon the property with which to pay off the claims, as so fixed, of the persons demanding a partition or sale. Upon payment of the amount in court, as so fixed, for the satisfaction of the claims of those demanding partition or sale, all right and interest in the property of the parties so demanding partition or sale is satisfied fully and discharged and the property is free and clear of all claims of any such parties."

Plaintiff objects to the order for private sale on the ground that there was no evidence to support the court's resort to the alternative remedy under ORS 105.210. Specifically, plaintiff urges that there was no proof to sustain the court's finding that the property could not be sold at public auction without great prejudice to the owners. Underlying plaintiff's appeal is her contention that a public sale should have been ordered so that she could have had the opportunity to bid on the property herself.

Plaintiff claims that ORS 105.205 and 105.210 establish a hierarchy of dispositional alternatives where a party seeks partition. We agree.

ORS 105.205 authorizes partition. It authorizes sale in the· event that "* * * a partition cannot be had without great prejudice to the owner." ORS 105.210 then provides:

"If the court finds that the property can neither be partitioned *nor sold* without great prejudice to the owners, the court may [compel a private sale]. * * *" (Emphasis supplied.)

[ 580 ]

Thus, on a claim for partition, the statute provides these mutually exclusive remedies, in order of preference:

1. *Partition* in kind, with cash adjustments where appropriate. ORS 105.205. *See also* ORS 105.250.

2. *Public sale,* where partition cannot be had "without great prejudice to the owner." ORS 105.205.

3. *Private sale,* where neither partition nor public sale can be had "without great prejudice to the owners." ORS 105.210.

█ █ It follows that, in order to support an order of private sale, such as that decreed in this case, the trial court must find from the evidence that neither a partition nor a public sale can be had "without great prejudice to the owners."[1]

In this case, parties have agreed that partition in kind could not be ordered without great prejudice to each of them. Our task on de novo review is to determine whether there is evidence that a public sale would work great prejudice to the owners. This finding is the necessary prerequisite to an order for private sale.

█ Oregon case law indicates that the financial interests of the owners is the primary factor to be considered for purposes of a determination of prejudice in the event of partition or sale.

---

[1]The use of the plural "owners" in ORS 105.210, contrasted with the use of the singular "owner" in ORS 105.205, raises the question whether the "prejudice" which the trial court must find under ORS 105.210 must extend to *all* owners. We think not. Prejudice will rarely exist equally as to all parties. It is enough that great prejudice would occur as to one of them. We have previously upheld a private sale where there was prejudice to only one of the parties. *See Doan v. Doan,* 208 Or 508, 302 P2d 565 (1956). The trial court found that great prejudice existed. However, the trial court also ordered as an alternative disposition in its decree that the property be sold at public sale. The decree reflects the trial court's misunderstanding of the statutory scheme. If great prejudice existed, public sale was not permissible. If it did not exist, private sale was not permissible.

[ 581 ]

In *Haggerty v. Nobles,* 244 Or 428, 433, 419 P2d 9 (1966), this court addressed the issue of prejudice to the owners in the event that partition was ordered:

> "The established ·test of whether a partition in kind would result in great prejudice to the owners is 'whether the value of the share of each in case of a partition would be materially less than his share of the money equivalent that could probably be obtained for the whole' * * *."

This financial prejudice test applies equally to a determination of prejudice resulting from partition in kind or public sale.

In *Doan v. Doan,* N 1 *supra,* this court specifically addressed the problem of prejudice to owners in the event of public sale. Plaintiff brought suit for partition and alleged in her complaint that she would be willing to buy out defendant's interest in the property. The trial court ordered plaintiff to transfer her interest to defendant upon defendant's tender to her of a sum fixed by the court. Plaintiff appealed, objecting to the order for a private sale, and argued that there was no evidence to sustain a finding that the property could not be publicly sold without great prejudice to the owners—the necessary prerequisite to an order of private sale.

On appeal, this court affirmed the order of private sale. We noted that defendant was living on the premises with his family and was also utilizing it as an income-producing boarding house. Prejudice to defendant—loss of personal residence and income— was clear. By contrast, plaintiff's claim that she could obtain more money by a public sale was "largely speculative." The decree gave her the equivalent of what she claimed her share was worth. We thus approved a private sale which prevented two-fold prejudice to one party and caused no prejudice to the other.

An early Georgia case, operating under a partition statute similar to ours, acknowledged that sentimental reasons, especially an owner's desire to preserve a

home, may also be considered, but that they are necessarily subordinate to the pecuniary interests of the parties. *Anderson v. Anderson,* 27 Ga App 513, 108 SE 907 (1921). *See also* 68 CJS Partition § 127 (1950).

Applying these factors—pecuniary loss and sentimental interest—to the case before us, we are unable to find any evidence of prejudice to either of the parties that might result from an order of public sale. Defendant in his brief points to none, and, indeed, does not even address the evidentiary issue.

■   Absent the requisite evidence, under our construction of the statutes, the trial court was without authority to order a private sale. It follows that this case must be reversed and remanded to the trial court with directions to order a public sale of the property.

Reversed and remanded with instructions.