1340

Annabel PRUITT, Appellant v. Carroll PRUITT, Respondent.
(380 S. E. (2d) 862)

Court of Appeals

*Kenneth E. Sowell,* Greenville, *for appellant.*

*Thomas Brissey,* Greenville, *for respondent.*

Heard April 17, 1989.

Decided May 15, 1989.

GARDNER, Judge:

Annabel Pruitt (Annabel), by this suit, sought partition of a house and lot which she and her two sons, Barry and David, bought in 1978. Prior to the purchase of the house, Annabel, Barry and David signed an agreement by which it was provided that Annabel would pay the down payment and closing costs (about $16,000) and that the two sons would make all note payments and maintain the property. The agreement also provided that when the house was sold the proceeds would first be applied to Annabel's initial cost; it was further provided that the remaining proceeds would be divided with the mother receiving 50 percent and each son receiving 25 percent. The agreement was unrecorded. David later conveyed his interest to Barry and Annabel.

In 1982, as provided by a divorce decree, Barry transferred his interest[1] in the property to his wife, Carroll Pruitt (Carroll). The appealed order held that Carroll was not

---

[1] From the agreement and a deed in the record before us, it appears Barry Pruitt's interest was 37.5 percent and Annabel's interest was 62.5 percent of the proceeds after repayment of the mortgage and Annabel's initial cost. The statement in the record, however, by which the parties are bound, states that under the agreement Annabel and her sons were to divide the net proceeds "on an equal pro rata basis." Moreover, Annabel does not argue on appeal that she is entitled to more than 50 percent of the net proceeds after recovery of the down payment, nor does it appear such argument was made to the master.

bound by the agreement because (1) she was a *bona fide* purchaser for value without notice of the agreement and (2) any action that Annabel might have regarding the agreement should be against her son, not his wife, Carroll, because under the divorce decree, Barry was directed to "hold [Carroll] harmless from any and all liability ... attributable to [Carroll] as a result of any and all joint debts, obligations, business ventures." The appealed order then directed that Carroll pay one-half of the equity in the property to Annabel. We reverse and remand.

## ISSUES

The issues of merit presented on appeal are (1) whether the appealed order erroneously held that Carroll had no notice of the agreement between Annabel and her two sons, and (2) whether the trial judge erred in not providing for a judicial sale of the subject property and that the proceeds of the sale after payment of the mortgage on the property and after payment to Annabel of the $16,000 provided by the agreement and the cost of the action, be equally divided between the parties.

## FACTS

Barry Pruitt testified that he had thoroughly discussed with his wife, Carroll, the contents of the agreement; Barry testified that he had told his wife that his interest in the property was subject to his mother's interest as set forth in the agreement.

Carroll testified that she felt that her ownership in the property should be 50 percent of the value of the property less Annabel's down payment and less the mortgage balance. This testimony conflicts with Carroll's testimony that she was unaware of the agreement.

The testimony was conflicting as to the value of the property. The evaluations of record range between $41,000 and $60,000.

## DISCUSSION

### I.

### Notice

This is an equity matter and on appeal this court can make its own determination of the preponderance of evidence. *Gary v. South Carolina Public Service Authority*, 284 S. C. 397, 325 S. E. (2d) 547 (1985). We hold as a matter of fact that Carroll had actual notice of the agreement. This is manifested, we hold, by Carroll's testimony that she only claimed a 50 percent interest in the net value of the property less Annabel's down payment; additionally, the evidence that Carroll's husband told her about the agreement is uncontradicted of record. We do note, however, that the statement of the transcript of record before us reflects that Carroll testified that she was unaware of the agreement. Despite this confusion in the state of the record, we hold that Carroll's admission that she claimed only 50 percent of the interest in the net value of the house *less Annabel's down payment* requires, in our mind, a conclusion that the preponderance of the evidence supports a finding that Carroll had notice of the agreement. We, accordingly, conclude that the appealed order's holding that Carroll had no notice of the agreement is erroneous and, consequently, we hold that the agreement must be enforced.

### II.

### Provisions for Sale

Partition is an action in equity and, accordingly, the partition procedure must be fair and equitable to all parties of the action. Partition by allotment to one of the parties, as provided by Section 15-61-50, Code of Laws of South Carolina (1976, as amended), may be resorted to only when it can be fairly and impartially made and without injury to any of the parties in interest. *Few v. Few*, 242 S. C. 433, 131 S. E. (2d) 248 (1963).

We think the disparate testimony as to the value of the subject property requires partition by public sale, which will afford each party an opportunity to back her own judgment of value by bidding for the interest of the other. Under the facts and circumstances of this case, we

hold that equity requires this conclusion. The appealed order is therefore reversed insofar as it makes an apportionment of the subject property to Carroll.

## CONCLUSION

For the reasons given, we hold that Carroll had notice of the agreement and, therefore, Annabel is entitled to have the agreement enforced. We further hold that the trial judge erred in failing to provide for a public sale of the property. The appealed order is therefore reversed and remanded with directions that the Master enter an order providing for public sale of the property and that the proceeds be disbursed in accordance with the agreement and the applicable law relating to public sales.

The appealed order is therefore reversed and remanded. No appeal costs are to be taxed.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.

