618 S.E.2d 898

**Steven J. ZIMMERMAN & Sarah M. Zimmerman, Respondents,**

v.

**Vicki Lane MARSH, Petitioner.**

No. 26029.

Supreme Court of South Carolina.

Heard May 17, 2005.

Decided Aug. 15, 2005.

Robert H. Gwin, III, of Gwin Law Offices, L.L.C., of Myrtle Beach, for petitioner.

Robert H. O'Donnell, of O'Donnell Law Firm, L.L.C., of Georgetown, for respondents.

Justice MOORE:

This action arose when respondents (Zimmermans) sought the partition of a parcel of property they jointly owned with petitioner (Marsh). The master-in-equity found partition by allotment was not feasible and ordered a judicial sale of the property. The Court of Appeals affirmed in an unpublished opinion. *Zimmerman v. Marsh,* Op. No.2003–UP–662 (S.C. Ct.App. filed November 17, 2003). We reverse and remand.

## FACTS

In 1991, Marsh and Walter Berg acquired a beach house, as co-tenants, for $110,000. During their ownership, the beach house was rented out during the summer season and occupied by Marsh for the remainder of the year. While living in the house, Marsh, a painter, created landscapes inspired by the surrounding Pawleys Island area. Despite attempts by Marsh to purchase Berg's interest in the property, the two remained co-tenants.

In 2002, the Zimmermans purchased Berg's one-half interest in the beach house for $160,000.[1] Thereafter, the deed and the instant partition action were filed minutes apart. Marsh responded by requesting partition by allotment, a result that would allow her to retain the beach house and pay the Zimmermans for their interest.

At trial, four appraisals were introduced in order to properly ascertain the value of the land. The Zimmermans introduced three appraisals of $320,000, $355,000, and $373,500. Marsh introduced one appraisal, which estimated the value of the parcel from $315,700 to $329,000. Marsh also introduced

---

1. The Zimmermans admit they made repeated inquiries into the availability of the house prior to their purchase and that they were aware Marsh was not interested in selling the beach house. We note respondent Sarah Zimmerman has been a real estate agent in the Pawleys Island area for several years.

testimony to establish the duration of her ownership and the sentimental attachment she had for the property. At the conclusion of trial, the master ordered partition by public sale.

The master found that, due to the size, shape, and location of the property, a partition in kind was not possible. The master further found partition by allotment was not available due to the wide variance of the appraised values of the property. The master cited *Pruitt v. Pruitt*, 298 S.C. 411, 380 S.E.2d 862 (Ct.App.1989), for the proposition that where two equally creditable yet significantly disparate appraisals are introduced, a court should not partition the property by allotment. The master noted Marsh's length of ownership and her emotional attachment to the property did not require that she be given priority over the Zimmermans. The Court of Appeals affirmed.

## ISSUE

Did the Court of Appeals err by finding partition by allotment inapplicable?

## DISCUSSION

■ Marsh argues the Court of Appeals erred by finding partition by allotment inapplicable. She argues the Court of Appeals should be reversed and this matter remanded to the trial court for the purpose of allowing her to be allotted the property upon payment of the value of the Zimmermans' interest and for applying the appropriate set-off credits.

■ A partition action is an equitable action and, as such, we may review the evidence to determine facts in accordance with our own view of the preponderance of the evidence. *Anderson v. Anderson*, 299 S.C. 110, 382 S.E.2d 897 (1989).

■ The partition procedure must be fair and equitable to all parties of the action. *Pruitt v. Pruitt, supra.* When the court determines a partition cannot be fairly and equally made, the court may order a sale of the property and a division of the proceeds according to the rights of the parties. S.C.Code Ann. § 15–61–100 (2005). *See also* S.C.Code Ann. § 15–61–50 (2005) (if partition in kind or by allotment cannot be fairly and impartially made and without injury to any of the

parties in interest, then court of common pleas has jurisdiction to order sale of the property and the division of the proceeds according to the parties' rights); Rule 71(f)(4), SCRCP ("If it shall appear to the court that it will be for the benefit of all parties interested in the ... property that it should be vested in one or more of the persons entitled to a portion of it, on the payment of a sum of money ..., the court shall determine accordingly, and the person or persons, on the payment of the consideration money, shall be vested with the [property]. But if it shall appear to the court that it would be more for the interest of the parties interested in the ... property that it should be sold and the proceeds of sale be divided among them, then the court shall direct a sale to be made upon such terms as the court shall deem right."). Further, the party seeking a partition by sale carries the burden of proof to show that partition by allotment is not practicable or expedient. *See Cox v. Frierson*, 316 S.C. 469, 451 S.E.2d 392 (1994) (partition by allotment is statutorily preferred over judicial sale of the property). *Cf. Anderson v. Anderson, supra* (party seeking partition by sale carries burden to show partition *in kind* is not practicable or expedient). A partition by public sale, where there is disparate testimony as to the value of the property, will be required if equity necessitates such an outcome. *See Pruitt v. Pruitt, supra* (under particular facts and circumstances of *Pruitt* case, equity required judicial sale).

The master erred by finding a partition by allotment cannot be fairly made. While there were conflicting appraisals as to the value of the property, the value of the property could have been determined by the master. By taking into consideration the fact the Zimmermans paid Berg $160,000 for a one-half interest in the property and by taking an average of all of the appraisals, a value of the property can be obtained. We find that the pecuniary interests of the parties will not be damaged by averaging the appraisals. Further, we find it troublesome that the Zimmermans purchased their interest with the knowledge that Marsh would be unwilling to sell the property and with the apparent intention to seek an immediate partition of the property. Under the particular facts of this case, we find that equity does not necessitate a partition by public sale and

a partition by allotment is the most equitable result.[2]  *See Pruitt v. Pruitt, supra.*

■  While we find that equitable considerations such as the length of ownership and sentimental attachment to the property may be considered, the pecuniary interests of all of the parties is the determining factor in deciding whether to require a judicial sale or allow a partition by allotment.  *See, e.g., Ark Land Co. v. Harper,* 215 W.Va. 331, 599 S.E.2d 754 (2004) (economic value of property is not the exclusive test for deciding whether to partition in kind or by sale; evidence of longstanding ownership, coupled with sentimental or emotional interests in the property, may also be considered in deciding whether the interests of the party opposing the sale will be prejudiced by the property's sale); *Schnell v. Schnell,* 346 N.W.2d 713 (N.D.1984) (sentimental reasons, particularly in preservation of a home, may be considered, although they are subordinate to the parties' pecuniary interests); *Fike v. Sharer,* 280 Or. 577, 571 P.2d 1252 (1977) (same); *Pioneer Mill Co., Ltd. v. Ward,* 37 Haw. 74, 1945 WL 5584 (1945) (same); *Anderson v. Anderson,* 27 Ga.App. 513, 108 S.E. 907 (1921) (same).

## CONCLUSION

Under the particular facts of this case, we find the master erred by finding a judicial sale was appropriate.  Because a value could have been placed on the property at the time of

---

2.  Contrary to the dissent's assertion, a public sale is not the only method of partition available in this case.  Pursuant to § 15–61–50 and Rule 71(f)(4), the appropriate and applicable remedy is a partition by allotment whereby one joint owner is allotted the entire property. The dissent further contends partition by allotment is not applicable because a writ of partition, which commands nominated commissioners to partition the property, has not been issued.  However, both § 15–61–100 and Rule 71(f)(5) allow the master to dispense with the issuing of a writ of partition if it would involve unnecessary expense.  There is no statement in the rule or statutes which indicates that a writ of partition and a return from the commissioners is required before partition by allotment to one party can occur.  To hold otherwise would expand the operation of the statutes and the rule.  *Rowe v. Hyatt,* 321 S.C. 366, 468 S.E.2d 649 (1996) (in interpreting statute, words must be given plain and ordinary meaning without resorting to subtle or forced construction to limit or expand statute's operation).

trial, Marsh's request for a partition by allotment should have been granted. We remand to the master to set the value of the property, adjusted by appropriate set-off credits, so that Marsh may purchase the Zimmermans' one-half interest. Accordingly, the decision of the Court of Appeals is

**REVERSED AND REMANDED.**

TOAL, C.J., and WALLER, J., concur. PLEICONES, J., dissenting in a separate opinion in which BURNETT, J., concurs.

Justice PLEICONES, dissenting:

I respectfully dissent. While the Zimmermans' conduct may properly be characterized as acquisitive, they have done nothing illegal.

A joint tenant may compel partition. S.C.Code Ann. § 15-61-10 (2005). A court may order partition in kind, that is, divide the property among all the owners, or by allotment, that is, to "allot" a portion of the property to one of the owners, with the remainder held jointly by the other owners or sold with the proceeds divided among the owners,[3] or by judicial sale of the entire parcel. S.C.Code Ann. § 15-61-50 (2005). The circuit court may, in some limited circumstances not present here, allot the property to one of the joint owners and require that individual to pay a sum assessed by partition commissioners to the other owner(s). Rule 71(f), SCRCP[4]; *Carnes v. White*, 3 S.C.L. (1 Brev.) 458 (1804)(partition commissioners may make special return: upon payment of sum set by them title vests in payor).

In this case, there is no contention that a partition in kind can be made, there being one house located on one lot. Further, the property is not capable of partition by allotment

---

**3.** *See, e.g., Few v. Few*, 242 S.C. 433, 131 S.E.2d 248 (1963); *Bennett v. Floyd*, 237 S.C. 64, 115 S.E.2d 659 (1960).

**4.** The majority characterizes its relief as a partition by allotment pursuant to Rule 71(f)(4), SCRCP. I have reviewed the record and have found neither a writ of partition nor a return from the commissioners. Absent compliance with the requirements of this rule, a court may order only a partition in kind or a public sale. S.C.Code Ann. § 15-61-100(2005); Rule 71(f)(5), SCRCP.

between the parties. The majority in effect orders a private rather than a public sale: this is not a form of partition recognized in this jurisdiction absent a special return by five commissioners acting upon a writ of partition.[5] § 15–61–50; *compare Fike v. Sharer*, 280 Or. 577, 571 P.2d 1252 (1977) (Oregon statute permits partition by private sale between the parties where neither partition in kind nor by public sale can be achieved without great prejudice to the owners).

I am not averse to permitting consideration of sentimental attachment in a partition suit, but I would limit its use as have other jurisdictions; sentimental value may tip the balance in favor of a partition in kind rather than by public sale even where a sale would generate a somewhat more favorable financial outcome for the parties. *See Ark Land Co. v. Harper*, 215 W.Va. 331, 599 S.E.2d 754 (2004) (where commercial entity becomes co-owner with expectation it can make money off the land from its business venture, court will not permit this self-created value enhancement to be determinative factor in forcing sale; partition in kind ordered even though business suffered some "economic inconvenience"); *Schnell v. Schnell*, 346 N.W.2d 713 (N.D.1984)(partition in kind rather than sale ordered where divorced parties were dividing a sizable ranch); *Pioneer Mill Co., Ltd. v. Ward*, 37 Haw. 74 (Hawai'i Terr.1945) (partition in kind even though topography made it difficult; sentimentality rule recited but not applied); *Anderson v. Anderson*, 27 Ga.App. 513, 108 S.E. 907 (1921) (sentimentality weighs in favor of in kind partition but pecuniary factors are determinative in deciding between in kind partition and judicial sale).

No one contends that an in kind distribution or allotment is feasible here, and thus we do not reach the issue of the weight to be given Ms. Marsh's emotional ties to the property in deciding the mode of partition to be employed. A public sale is the only method of partition available, and the Zimmermans are within their legal rights in demanding one be held. § 15–61–10. I would not alter the law of partition to favor a joint owner perceived as more worthy, and therefore would affirm

---

5. I note further that a party not allotted the property by the commissioners may force a public sale by "making and securing a bid for a material advance in price over the value assessed by the Commissioners." *Moore v. Williamson,* 31 S.C. Eq.(10 Rich. Eq.) 323 (1858).

the decision of the Court of Appeals which itself affirmed the master's order.

BURNETT, J., concurs.