THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of
 Appeals

 
 
 
 Dean E. Black, Respondent/Appellant,
 v.
 C. Raymond Black, Appellant/Respondent.
 
 
 

Appeal From Oconee County
James C.
 Williams, Jr., Circuit Court Judge
Unpublished
 Opinion No. 2007-UP-462
Submitted
 October 1, 2007  Filed October 11, 2007
AFFIRMED

 
 
 
 David F. Stoddard, of Anderson, for
 Appellant/Respondent.
 John S. Nichols, of Columbia, for Respondent/Appellant 
 
 
 
 

PER
 CURIAM:  This action arose when Respondent/Appellant Dean E. Black (Dean) sought the
 partition of a parcel of land owned as tenants in common with
 Appellant/Respondent C. Raymond Black (Raymond).  A Board of Commissioners,
 formed by agreement of the parties, examined the parcel and issued a report
 determining it could be partitioned in kind.  The trial court approved the report
 and ordered partition.  Both parties filed objections.   We affirm.[1]
Facts
On November 20,
 2003, Dean E. Black brought this action seeking the partition and sale of a 57
 acre parcel of land he and his brother, C. Raymond Black, owned as tenants in
 common.  Raymond denied Deans assertion that the property could not be
 partitioned in kind.  Raymond counterclaimed for specific performance of an
 agreement he alleged Dean had made to sell Raymond his interest.  Raymond
 additionally counterclaimed for the court to issue a writ of partition, appoint
 commissioners, and divide the property in kind or, if the property could not be
 divided in kind, to sell the property to Raymond.  
A
 July 27, 2004 hearing on the matter ended with a grant of continuance for
 Raymond, but the parties met in chambers for a status conference.  They were
 instructed that the court usually orders partition in kind in cases involving
 acreage and, if the parties cannot agree on a division, a Board of
 Commissioners is appointed to effectuate the partition.  The parties then
 produced an aerial photograph of the land marked with a recommended division
 line.  The proposal allowed Raymond to receive the portion nearest his home on
 a lot he owned.  Although Raymond initially agreed to this solution, he
 withdrew his approval when informed the court could not prohibit Dean from
 developing his portion of the acreage.  
At
 a November 2004 hearing, the parties again advised the court they had reached
 an agreement.  On December 29, 2004, a consent order was signed.  Pursuant to
 the agreement and order, a Board of Commissioners (the Board) was formed to
 determine whether the property could be partitioned in kind.  Dean and Raymond each
 named a surveyor and an appraiser to the Board, and the court named a chairperson. 
 The agreement laid out numerous factors the Board was to consider in dividing
 the land into parcels of equal monetary value. The factors included a power
 line right-of-way and a boundary dispute with adjoining property owners.  Dean would
 be awarded the parcel on Mud Creek Road (Tract A) and Raymond would receive the
 parcel fronting on Cedar Lane (Tract B).  Mutual restraining orders prohibited
 the parties from interfering with each other and with the appraisers and
 surveyors.  The parties would divide all costs of the Board.  Raymond was
 required to erect a fence to maintain his animals.  The parties would equally
 divide the 2003 and 2004 taxes which Dean had already paid.  Raymond asked for
 a 100 foot wide buffer between an adjacent lot he already owned and the parcel
 awarded to Dean.  
The
 Board issued its report finding partition in kind was feasible and Raymond
 filed several objections.  On July 22, 2005, a final hearing was held to
 consider the objections and for the court to issue its final order accepting or
 modifying the Boards report.  Raymond was absent from the hearing though his
 wife appeared and testified to his objections.  Dean entered his objections by
 testimony at this hearing.  
The
 court approved the Boards report that the property could be partitioned in
 kind.  In its order, the court stated the commissioners fees were high but the
 situation required competent professionals.  The court found the Board was
 careful and professional in their performance, but that Raymond had not
 cooperated with their attempts to enter the propertys buildings for
 inspection.  The trial court opined that Raymond could not now complain of the
 alleged deficiencies in the report caused by his own willful behavior.  Finally,
 the court noted the report was similar to the resolution discussed by the
 parties at the July 27, 2004 status conference.  While observing that division
 would produce a result less than exact, the judge determined any resulting
 difference was insignificant.  
On
 appeal, Raymond asserted the Boards report erroneously calculated the acreage
 encumbered by the power line right-of-way on Tract B.  He argued the buildings
 on Tract B, appraised at $13,000.00 in the report, were without value.  Raymond
 alleged the trial court should have required the commissioners to personally
 inspect the buildings before accepting their valuation.  Raymond argued the trial
 court erred in ordering the parties to pay the Boards fees without giving the
 parties an opportunity to be heard and without first finding the fees
 reasonable.
Dean
 argued the trial court erred in ordering partition in kind rather than ordering
 a public sale or partition by allotment vesting him with the property.  He
 alleged Raymonds conduct rendered the procedure unfair and caused him injury. 
 Dean complained the court erred in failing to consider partition by allotment
 and erred in refusing to hold Raymond in contempt for his failure to appear at
 the July 22, 2005 hearing.
Standard
 of Review
A
 partition action is an equitable action and this Court may review the evidence
 to determine facts in accordance with our own view of the preponderance of the
 evidence. Zimmerman v. Marsh, 365 S.C. 383, 386, 618 S.E.2d 898, 900
 (2005); Anderson v. Anderson, 299 S.C. 110, 382 S.E.2d 897 (1989); Doe v. Roe, 323 S.C. 445, 475
 S.E.2d 783 (Ct. App. 1996).  However, this broad scope of review does not
 require this court to disregard the findings at trial or ignore the fact that
 the trial judge was in a better position to assess the credibility of the witnesses.  Laughon
 v. OBraitis, 360 SC 520, 524-25, 602 S.E.2d 108, 110 (Ct. App.
 2004); Dorchester County Dept of Soc. Servs. v. Miller,
 324 S.C. 445, 477 S.E.2d 476 (Ct. App. 1996).  The partition
 action must be fair and equitable to all parties.  Zimmerman, 365 S.C.
 at 386, 618 S.E.2d at 900; Pruitt v. Pruitt, 298 S.C. 411, 380 S.E.2d
 862 (Ct. App. 1989).  
Discussion
When
 the court determines a partition cannot be fairly and equally made, the court
 may order a sale of the property and a division of the proceeds according to
 the rights of the parties.  S.C. Code Ann. § 15-61-100 (2005); Zimmerman,
 365 S.C. at 386, 618 S.E.2d at 900; see also S.C. Code Ann. § 15-61-50
 (2005) (if partition in kind or by allotment cannot be fairly and impartially
 made and without injury to any of the parties in interest, then the court of
 common pleas has jurisdiction to order sale of the property and the division of
 the proceeds according to the parties rights). Rule 71(f)(4), SCRCP,  instructs:

 If it shall appear to the court that it
 will be for the benefit of all parties interested in the . . . property that it
 should be vested in one or more of the persons entitled to a portion of it, . .
 . the person or persons, on the payment of the consideration money, shall be
 vested with the [property]. But if it shall appear to the court that it would
 be more for the interest of the parties interested in the . . . property that
 it should be sold and the proceeds of sale be divided among them, then the
 court shall direct a sale to be made upon such terms as the court shall deem
 right.

Our
 supreme court has previously held that partition in kind is favored when it can
 be fairly made without injury to the parties.  Anderson v. Anderson,
 299 S.C. 110, 114, 382 S.E.2d 897, 899 (1989); Smith v. Pearson, 210
 S.C. 524, 43 S.E.2d 479 (1947); see also Cox v. Frierson, 315
 S.C. 469, 451 S.E.2d 392 (1994) (partition in kind is statutorily preferred
 over judicial sale of the property).  Our supreme courts decision in Few v.
 Few, 242 S.C. 433, 131 S.E.2d 248 (1963), holding that in kind partitions
 are appropriate only where they can be made fairly and without injury to the
 parties, did not alter the statutory preference for in kind partition.
A.  Appellant/Respondents
 Appeal
Raymond
 argues the court erred in accepting the Boards report due to its erroneous measurement
 of the power line right-of-way and the valuation of Tract Bs buildings.  There
 is a cardinal principle of law that a trial court should not reject the return
 of a majority of the commissioners unless the division is clearly shown to be
 erroneous, unfair, unjust and inequitable.  Wilson v. McGuire,
 320 S.C. 137, 142, 463 S.E.2d 614, 617 (Ct. App. 1995); see also Parrot
 v. Barrett, 81 S.C. 255, 260, 62 S.E. 241, 242 (1908) (to overthrow
 valuation made by the commissioners in partition, it must be shown that it is
 so grossly incorrect and unequal as to justify an inference that the
 commissioners acted from an unfair and improper motive); Aldrich v. Aldrich,
 75 S.C. 369, 369, 55 S.E. 887, 888 (1906) (the return of commissioners in the
 division of land on writ of partition will be supported by the court unless
 clearly shown to be erroneous and unjust).  
Raymond
 contended the Board erred in finding the power line right-of-way affected
 approximately two acres rather than five acres as recorded in the appraisal.  However,
 he failed to challenge the report with clear evidence of the right-of-ways
 size.  At the final hearing, which Raymond did not attend, his wife testified
 about the location of the right-of-way though her testimony was unclear. When
 considering the right-of-way, the Board found that the flood plain on Tract A
 covered approximately the same area.  Accordingly, the Board made no adjustments. 
 
Raymonds
 argument that the buildings on Tract B were valueless and that the trial court
 should have ordered them personally inspected is without merit.  The record
 indicates Raymond eluded his own lawyer and the inspectors as they sought entry
 to the property.  Raymonds wife admitted they used the buildings to keep
 horses and to store personal effects and farming equipment.  Importantly, the
 trial judge found Raymond was not cooperative in allowing the inspectors access
 and stated Raymond could not complain of alleged deficiencies brought about by
 his own willful conduct.  We find Raymond has failed to clearly show the
 Boards report was erroneous, unfair, unjust and inequitable, and this Court
 will not override the findings of the report or its adoption by the trial
 court.
Raymond
 argued the court erred in ordering the parties to pay the Boards fees without
 first giving the parties an opportunity to be heard and without determining the
 fees reasonableness.  Prior to this appeal, the only issue raised concerning
 the fees was the request made by the defense at the final hearing for an
 extension of the payment deadline.  It is well settled that an issue cannot be
 raised for the first time on appeal, but must have been raised to and ruled
 upon by the trial court to be preserved for appellate review.  Staubes v.
 City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000); see
 also IOn, L.L.C. v. Town of Mt. Pleasant, 338 S.C. 406, 422, 526
 S.E.2d 716, 724 (2000) (Imposing this preservation requirement on the
 appellant is meant to enable the lower court to rule properly after it has
 considered all relevant facts, law, and arguments.); Ellie Inc. v. Miccichi,
 358 S.C. 78, 103, 594 S.E.2d 485, 498 (Ct. App. 2004) (Without an initial
 ruling by the trial court, a reviewing court simply would not be able to
 evaluate whether the trial court committed error.).  Therefore, this issue is
 not preserved for our review.  
B.  Respondent/Appellants
 Appeal
Although
 Deans first complaint initiating this litigation prayed for partition and
 sale, Dean and Raymond later presented the trial court with their agreement to
 partition in kind.  Dean further requested at the final hearing that the parcel
 be partitioned in kind and the court complied.  Reasoning that Raymonds
 behavior rendered partition in kind unfair, Dean reasserted partition and sale
 as a theory of relief in his Motion for Reconsideration and included the
 argument in this appeal. This Court acknowledges an issue raised but not ruled
 upon by the trial court may nonetheless be preserved when the complaining party
 moves to amend judgment pursuant to Rule 59(e), SCRCP.  Wilder Corp. v.
 Wilke, 330 S.C. 71, 77, 497 S.E.2d 731, 734 (1998); Talley v. South Carolina Higher Educ. Tuition Grants Comm., 289 S.C. 483, 347 S.E.2d 99 (1986); Bailey
 v. Segars, 346 S.C. 359, 550 S.E.2d 910 (Ct. App. 2001).  However, we find
 Dean is bound by his agreement embodied in the trial courts consent order.  In Johnson v. Johnson, 310 S.C. 44, 425 S.E.2d 46 (Ct. App. 1992), this Court
 held:

 Ordinarily,
 where a judgment or order is entered by consent, it is binding and conclusive
 and cannot be attacked by the parties either by direct appeal or in a
 collateral proceeding. However, a consent order is an agreement of the parties, under the sanction of the
 court, and is to be interpreted as an agreement.  It can be rescinded by mutual
 consent in a subsequent court action. 

Id. at 46-47, 425
 S.E.2d at 48 (citations omitted).  Although the consent order in Johnson was set aside based on Rule 60(b), SCRCP, the agreement in the case at bar
 provided that any violations of the terms be punishable by citation or
 contempt.  Moreover, this Court has recognized that a party cannot complain
 when it receives the relief it requested.  McKissick v. J.F. Cleckley &
 Co., 325 S.C. 327, 479 S.E.2d 67 (Ct. App. 1996); Estes v. Gray, 319
 S.C. 551, 462 S.E.2d 561 (Ct. App. 1995).    
Additionally,
 Dean argues the trial court erred in not ordering partition by allotment
 vesting him with the property.  In his Motion for Reconsideration, Dean asserted,
 for the first time, his entitlement to partition by allotment.  A party cannot
 use a Rule 59(e) motion to present to the court an issue the party could have
 raised prior to judgment but did not.  Fields v. Regional Med. Ctr.
 Orangeburg, 363 S.C. 19, 27, 609 S.E.2d 506, 510 (2005); Patterson v.
 Reid, 318 S.C. 183, 456 S.E.2d 436 (Ct. App. 1995); Hickman v. Hickman,
 301 S.C. 455, 392 S.E.2d 481 (Ct. App. 1990); see also McMillan v.
 South Carolina Dept of Agriculture, 364 S.C. 60, 611 S.E.2d 323 (Ct. App.
 2005) (a party cannot for the first time raise an issue by way of a Rule 59(e)
 motion which could have been raised at trial).  Accordingly, this issue has not
 been preserved for our review.
Although
 Dean did not move for contempt at the July 22, 2005 final hearing, he contends
 the trial court erred in not finding Raymond in contempt for his absence. The
 power to punish for contempt is inherent in all courts
 and is essential to preservation of order in judicial proceedings. Browning
 v. Browning, 366 S.C. 255, 263, 621 S.E.2d 389, 392 (Ct. App. 2005) (quoting In re Brown, 333 S.C. 414, 420, 511 S.E.2d 351, 355 (1989)). On appeal,
 a decision regarding contempt should be reversed only if
 it is without evidentiary support or the trial judge has abused his discretion.  Stone v. Reddix-Smalls, 295 S.C. 514, 516, 369
 S.E.2d 840, 840 (1988) (citations omitted); Lukich v. Lukich, 368 S.C.
 47, 627 S.E.2d 754 (Ct. App. 2006). Contempt results
 from the willful disobedience of an order of the court. Bigham v. Bigham,
 264 S.C. 101, 104, 212 S.E.2d 594, 596 (1975); Smith v. Smith, 359 S.C.
 393, 396, 597 S.E.2d 188, 189 (Ct. App. 2004); S.C. Code Ann. § 20-7-1350 (Supp.
 2006) (A party may be found in contempt of court for the
 willful violation of a lawful court order.).  A
 determination of contempt is a serious matter and should
 be imposed sparingly; whether it is or is not imposed is within the discretion of the trial judge, which will not be disturbed on appeal
 unless it is without evidentiary support.  Haselwood v. Sullivan, 283
 S.C. 29, 32-33, 320 S.E.2d 499, 501 (Ct. App. 1984) (citing Hicks v. Hicks,
 280 S.C. 378, 312 S.E.2d 598 (Ct. App. 1984).  A finding
 of contempt  must be reflected in a record that is clear and specific as to
 the acts or conduct upon which such finding is based.  Tirado v. Tirado,
 339 S.C. 649, 654, 530 S.E.2d 128, 130 (Ct. App. 2000) (citing Curlee v.
 Howle, 277 S.C. 377, 382, 287 S.E.2d 915, 918 (1982)).  From the record in
 this case, it remains unclear whether Raymonds absence at the final hearing
 was earnestly excusable.  Although the trial judge did not believe Raymond
 missed the trial solely due to work, he found Raymonds wife adequately spoke
 on his behalf and he ruled Raymond could not raise complaints due to his
 absence.  Because the record lacks clear and specific evidence of Raymonds
 willful misbehavior, we will not disturb the trial judges decision not to hold
 him in contempt.[2]
Conclusion
The
 evidence fails to prove the property in question cannot be partitioned in kind
 without manifest injury to either party or that one parcel is more valuable
 than the other.  Therefore, the order of the trial court is 
AFFIRMED.
ANDERSON and THOMAS, JJ., and CURETON,
 A.J., concur.

[1]  We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] The court by
 order mandated the presence of the parties at the July 20, 2005 final hearing.