**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Jeff Weekley and Christopher L. Weekley, Sr.,
Respondents,

v.

John Lance Weekley, Jr. and Marcus Earl Weekley, Sr.,
Appellants.

Appellate Case No. 2011-193506

———————

Appeal From Hampton County
James Martin Harvey, Jr., Special Referee

———————

Unpublished Opinion No. 2013-UP-303
Heard December 11, 2012 – Filed July 3, 2013

———————

**AFFIRMED AS MODIFIED**

———————

Andrew Sims Radeker, of Harrison & Radeker, P.A., of
Columbia, for Appellants.

Demetri K. Koutrakos and Mary Dameron Milliken, of
Callison, Tighe & Robinson, L.L.C., of Columbia, and
Kevin Angus Brown, of Anderson & Brown, L.L.C., of
Hampton, for Respondents.

———————

**PER CURIAM:** This is a partition and accounting action brought by brothers, William Jeff Weekley and Christopher L. Weekley, Sr., hereinafter collectively Respondents, against their brothers, John Lance Weekley, Jr. and Marcus Earl Weekley, Sr., hereinafter collectively Appellants. Appealing from the order of the Special Referee, Appellants assert various errors by the referee, including making the particular division, considering improper offsets to Respondents in making the division, failing to consider offsets in favor of Appellants, and finding the parties stipulated the accounting cause of action would be decided by the Probate Court. We affirm as modified.

1.      Appellants contend the referee erred and made an unfair partition by dividing the property so that all of the best hunting and fishing land was allocated to the Respondents, in violation of S.C. Code Ann. § 15-61-50. They maintain no findings were made by the referee showing why it would be impracticable to give each set of brothers some of the land that each demonstrated was most valuable to them, with all receiving some of the land at the back, i.e., land abutting the swamp. We disagree.

"The partition procedure must be fair and equitable to all parties of the action." *Zimmerman v. Marsh*, 365 S.C. 383, 386, 618 S.E.2d 898, 900 (2005); *see also* S.C. Code Ann. § 15-61-50 (2005) ("The court of common pleas has jurisdiction in all cases of real and personal estates held in joint tenancy or in common to make partition in kind or by allotment to one or more of the parties upon their accounting to the other parties in interest for their respective shares or, in case partition in kind or by allotment cannot be fairly and impartially made and without injury to any of the parties in interest, by the sale of the property and the division of the proceeds according to the rights of the parties."). "[P]artition in kind is favored when it can be fairly made without injury to the parties." *Anderson v. Anderson*, 299 S.C. 110, 114, 382 S.E.2d 897, 899 (1989). While equitable considerations, such as length of ownership and sentimental attachment to property, may be considered in a partition action, the pecuniary interests of all of the parties is the determining factor in deciding whether to require a judicial sale or to allow a partition by allotment. *Zimmerman*, 365 S.C. at 388, 618 S.E.2d at 901.

In *Campbell v. Jordan*, 382 S.C. 445, 675 S.E.2d 801 (Ct. App. 2009), this court considered a challenge on appeal to a partition in kind. There, we held the referee properly partitioned the property in a manner that was fair and equitable to all the parties, where the referee considered the parties' emotional attachment to the land, the parties' respective living situations, and the parties' preference for a partition in kind rather than a judicial sale. *Id.* at 451, 675 S.E.2d at 804. Further, though the

appellants in *Campbell* argued they had an emotional attachment to a particular portion of the land and thus it had a greater inherent value to them, we noted the appellants failed to assert that the referee erred in assigning property values or in assigning ownership interest shares to each party. *Id.* at 451-52, 675 S.E.2d at 804-05. *See Wilson v. McGuire*, 320 S.C. 137, 139 n.2, 463 S.E.2d 614, 616 n.2 (Ct. App. 1995) (stating that the allocation of a preselected tract to one heir is not prejudicial to other heirs unless evidence is presented to demonstrate that the preselected tract is more valuable than the other tracts).

Here, the referee recognized the highest and best use of the property was recreational. However, he further recognized that some of the 210.48 acres was valued at $1,700 per acre, while other acreage was valued at $2,000 per acre, and divided the property with these differing values in mind. In making the division, he took into consideration that the property containing the home-site, which was awarded to Appellants as everyone agreed would be proper, had a value of $2,000 per acre. He thereafter divided the remainder of the property based upon these economic valuations. Appellants do not challenge these valuations placed on the acreage. Rather, they object to the referee's failure to award them land toward the rear, abutting the swamp. Though Appellants' attachment to the swamp area of the property and their desire to use it for recreational purposes is an equitable consideration, Appellants fail to assert that the referee erred in assigning property values, or show that the land allotted to them is of less economic value than that allotted to Respondents. Further, the referee had other equitable matters to take into consideration which resulted in the division he made. First, he divided the property in such a way as to allow Appellants to remain on the home-site. Second, he allotted to each set of brothers one of the two areas of historical family significance: the home-site and the boat landing. Third, and importantly, he divided the property in a manner to address the safety concerns raised by Respondents. Specifically, the record shows there is clear animosity amongst these brothers, and their history shows not only the threat of the use of guns, but the actual firing of weapons by Appellants while Respondents and their family members were in the vicinity. The referee considered the Appellants' use of guns in certain areas in determining the appropriate division of the property. Therefore, because there is no contention the referee failed to properly divide the land itself based upon the economic value of the different acres, and inasmuch as he accomplished many of the equitable considerations, we hold he properly partitioned the property in a manner that was fair and equitable to all the parties in spite of the fact that Appellants did not receive any property abutting the swamp.

2.    Appellants' Issues 2 through 5 are based upon arguments that are not properly preserved for our review.  Many of these issues were never raised to the referee in any manner.  Further, even assuming arguendo that some were raised by virtue of the evidence submitted, none were ever ruled upon by the referee, in spite of the fact that Appellants made a motion to alter or amend and could have properly raised the matters at that time.  *See Pikaart v. A & A Taxi, Inc.*, 393 S.C. 312, 324, 713 S.E.2d 267, 273 (2011) ("A matter may not be presented for the first time on appeal; rather, it must have been both raised to and ruled upon by the court below."); *Mathis v. Brown & Brown of S.C., Inc.*, 389 S.C. 299, 311, 698 S.E.2d 773, 779 (2010) (holding, in order for an issue to be properly preserved for appeal, it must have been both raised to and ruled on by the trial court, and where the trial court's order did not address appellant's argument and appellant did not bring the absence of this issue to the trial court's attention in a motion to alter or amend, the issue was not preserved); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (noting the losing party generally must both present his issues and arguments to the trial court and obtain a ruling before those issues and arguments will be reviewed by an appellate court); *Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding an issue is not preserved where the trial court does not explicitly rule on an argument and the appellant fails to make a Rule 59(e), SCRCP motion to alter or amend the judgment on that ground); *see also In re Estate of Timmerman*, 331 S.C. 455, 460, 502 S.E.2d 920, 922 (Ct. App. 1998) (holding when a party receives an order granting relief not previously contemplated or presented to the trial court, the aggrieved party must move to alter or amend the judgment, pursuant to Rule 59(e), SCRCP, in order to preserve the issue for appeal).

3.    In their last issue, Appellants contend the referee erred in finding there was a stipulation that an accounting cause of action would be decided by the Probate Court.  In his order, the referee stated, "The parties stipulated that the [Respondents'] second cause of action for accounting would be deferred to the consideration of the Probate Court."  The parties agreed only to bifurcate the partition and accounting causes of action, proceeding on the partition action and leaving the record open as to the accounting matter.  They clearly never stipulated the accounting cause of action would be heard by the Probate Court.  Respondents agree the stipulation between the parties was simply that the two causes of action would be bifurcated, and concede there was no stipulation that it be heard by the Probate Court.  Respondents consent to a hearing before the court of proper jurisdiction.  Accordingly, we modify the referee's order to reflect that there was no stipulation that the accounting matter would be considered by the Probate Court,

but only that the causes of action would be bifurcated and the hearing left open as to the accounting issue.[1]

**AFFIRMED AS MODIFIED.**

**FEW, C.J., and HUFF and GEATHERS, JJ., concur.**

---

[1] We note this issue was not raised to or ruled upon by the referee either. However, inasmuch as Respondents concede the error, we find modification of the referee's order proper on this point.  We decline to address what court is the proper court of jurisdiction, as that matter was not raised to or ruled upon by the referee and Respondents have not conceded any particular court has jurisdiction.