**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Vivian B. Cromwell, Susan Prioleau Simmons, Ruth Nelson Gadsden, Robert Blake Brisbane and Mildred Chapman, Plaintiffs,

v.

Alberta Brisbane, Jeanie Geathers, LeRoy Brisbane, Francena B. Lawton, James B. Watson, Helen Davis, Rosalee Simmons, LaVerne Hamilton, Minerva Gadsden, Daniel Simmons, Jr., Mary Mosely, Horace Robinson, Jr., James Robinson, Henry Robinson, Avis D. Robinson a/k/a Avis Robertson, Dora Robinson, Jamie Williams, Desiree Williams, Mark Williams, Grace Ettison, Dannion Jordan, Ronald Williams, William Drayton, Keith Drayton, Jerome Hopkins, Joseph Hopkins, Jr., Tracy Hopkins, Alethia Gillian, Samuel Brown, Jeannette Brown, Arthur Brown, Antonio Brown, Dwayne Brown, Polly Brown, Keith Brown, Kenny Brown, Dexter Brown, Marie Brown, Starcia Stewart, James L. Brown, Jr., Glen Brown, Ernestine Brown, Veronica Brown, Calvin Brown, Jr., Harold Brown, Jr., Mary Anne Brisbane, Harvey Brisbane, Jr., Danny Bolds, Raymond Bolds, Michael Bolds, David Bolds, Carolyn Logan, Mary Jane Brown, Miriam Grant a/k/a Muriel Grant, Edward Grant, Jr., Gilbert Grante, Perry Grant, Junata O'Kieffe, Martha Lions, Margie Marine, Gurtha Forrest, Gloria Gibbs, Christopher Gathers, John D. Heyward, Allen Mitchell, Jr., Tiffany N. Daley, Michael S. Mitchell, Allen Mitchell, III, Frederica Coleman, Dorothy Boykin, Lavinia Brisbane, Clarence Brisbane, Jr., Betty Brisbane, Fred Brisbane, Evelyn Palmer, Mary Brisbane, Carl Brisbane, Carlotta Bickham, George Brisbane, Elias Brisbane,

Maxine Brisbane, Evan Brisbane, Jesse Simmons, Jr., Odell White, Christina Hartfield, Sarah Mitchell, Arthur Albert Mitchell, Suzanne Mitchell, Olethia Gadsen, Wand Mitchell Harley, Arthur Mitchell, Jr., Benjamin Mitchell, Barbara Johnson, Diane B. Samuel, Kathy L. Nelson, Thelma E. Nelson, Carolyn Singleton, LaMotta Nelson, Rodney Nelson, Jerome Hopkins, Joseph Hopkins, Jr., Tracy Hopkins, Lottie Brown, Sylvia Johnson, Raymon Brown, Ronald Brown, Bernard Frasier, Barry Frasier, Kelvin Frasier, Marie Richardson, Delores Richardson, William Richardson, Robert Heyward, Katina Heyward, Valorie Heyward, Karvin Dotson, Youlonda Brisbane, Kermit Brisbane, Meka Brisbane, Jermaine Brisbane, Peggy Nelson, Joseph Elliott, Cynthia Elliott, Jackie Elliott, Net Elliott, Stephanie Elliott, Rodney Elliott, Nancy Brisbane, William Albert Brisbane, Jr., Bernard Brisbane, Gary Brisbane, Bonnie Brisbane, Jametta Brisbane Hamilton, Elizabeth Hamilton, and Rosetta B. Brown, John Doe, adults, and Richard Roe, infants, insane persons, incompetents, and persons in the military service of the United States of America, being fictitious names designating as a class any unknown person or persons who may be an heir, distributee, devisee, legatee, widower, widow, assign, administrator, executor, creditor, successor, personal representative, issue, or alienee of James Brisbane, James Brisbane, Jr., James Brisbane, III, Jimmy Brisbane, Emily Brown, Harvey Brisbane, Rosa Robinson, Henrietta Brisbane Geathers, Laura Geathers, Geneva Grant, Viola Heyward, Henrietta Bolds, Estelle Nelson, Swackie Brisbane, Wilhemenia Young, Roxanna Pinckney, Daniel Simmons, Horace Robinson, Elizabeth Williams, Mabel Robinson, Julian Robinson, Patricia Williams, Albertha Graham, Joseph E. Hopkins, Emily Brown, Steve Brown, Steve Brown, Jr., Roger Brown, James LeRoy Brown, Harold Brown, Theodore Heyward, Theodore Heyward, Jr., Mary E. Mitchell, James Heyward, Clarence Brisbane, Swackie Brisbane, Jr., Susan Richardson, Janie Simmons a/k/a Janie Richardson Brisbane, Ruby Mitchell, Jesse Simmons, William Nelson, Ruth Hopkins, Thomas Brown, Wilhemenia

Frasier, Helen Brown Allen, Albertha Lee Richardson, Louise Heyward, Herbert Lee Heyward, Loretta Brisbane, Gail Davis, William Nelson, Jr., Edward Grant, Sr., Eartha Lee Elliott, William Albert Brisbane, Betty Manigault, Steven Christopher Brown, and Rosetta Brisbane all of whom are deceased, and any or all other persons or legal entities, known and unknown, claiming any right, title, interest or estate in or lien upon the parcel of real estate described in the Lis Pendens and Complaint herein filed, Defendants,

And Associated Developers, Inc. and Nordic Group, LLC, Intervenors,

Of which Associated Developers, Inc. is the Respondent,

And of which Nordic Group, LLC, is the Petitioner.

Appellate Case No. 2018-000621

——————

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

——————

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

——————

Memorandum Opinion No. 2019-MO-018
Heard March 5, 2019 – Filed April 3, 2019

——————

**CERTIORARI DISMISSED AS IMPROVIDENTLY GRANTED**

——————

Wallace K. Lightsey, of Wyche Law Firm, of Greenville; James Atkinson Bruorton IV and Timothy James Wood

Muller, both of Rosen, Rosen & Hagood, LLC, of Charleston, for Petitioner.

Thomas James Rode and Michael A. Timbes, both of Thurmond Kirchner & Timbes, PA, of Charleston, for Respondent.

---

**PER CURIAM:** We granted Nordic Group, LLC's petition for a writ of certiorari to review the Court of Appeals' decision in *Cromwell v. Brisbane*, Op. No. 2018-UP-062 (S.C. Ct. App. filed Feb. 7, 2018). We now dismiss the writ as improvidently granted.

**DISMISSED AS IMPROVIDENTLY GRANTED.**

**BEATTY, C.J., KITTREDGE, HEARN and JAMES, JJ., concur. FEW, J., dissenting in a separate opinion.**

**JUSTICE FEW:** I dissent from the dismissal of Nordic Group, LLC's petition for a writ of certiorari because I believe certiorari was properly granted. The master-in-equity erred in ruling the statute of frauds required Nordic's counter-offer to purchase the heirs' property be in writing. The statute of frauds is section 32-3-10 of the South Carolina Code (2007). The statute provides, "No action may be brought . . . " under the circumstances set forth. The statute of frauds is, therefore, a defense to a civil action. *See* Rule 8(c), SCRCP. The statute of frauds has nothing to do with whether a prospective purchaser of real estate may make an oral offer through its attorney as an officer of the court on the record in a court of record. This is particularly true under these circumstances, where—if the offer is accepted—the resulting agreement would necessarily be reduced to writing in an order of the court. There is nothing in any South Carolina statutory provision or in the common law that requires offers to purchase land in a partition action to be in writing, let alone in the form of a fully executed written contract sufficient to satisfy the statute of frauds. *See* 68 C.J.S. *Partition* § 177 (2009) ("In the absence of a statute providing otherwise, an oral bid is sufficient.").

In addition, the over-arching principle governing partition actions is "[t]he partition procedure must be fair and equitable to all parties of the action." *Zimmerman v. Marsh*, 365 S.C. 383, 386, 618 S.E.2d 898, 900 (2005). The presiding judge in a partition action has a fiduciary responsibility to make sure the heirs' rights are protected. This responsibility includes consideration of all offers so the court may choose the offer most favorable to the heirs. By refusing to consider a valid offer—an error of law—the master failed to ensure the procedure was fair, and failed to protect the interests of the heirs.

I would have this Court consider the case on the merits.